**EXHIBIT B**

SALES CONTRACT—DIST____ ____UMBIA
(All Rights Rese.____

Washington Law Reporter Form 363
425 Ere St. N.W., Washington D.C. 20006

_____, 19____

## Received from _____

a deposit of _Ninety thousand and other_ Dollars ($ _90,000_ )
to be applied as part payment of the purchase of Lot _817_ in Square _903_ , with
improvements thereon known as No. _527-529-B St. S.E_ in the District of
Columbia, upon the following terms of sale:

(1) Price _Three Hundred Forty Five thousand_ Dollars ($ _345,000_ ).

(2) Purchaser agrees to pay _ninety thousand & 00/100_ —
Dollars ($ _90,000_ ) cash at the date of conveyance, of which sum this deposit shall be a part.

(3) The purchaser is to ~~assume, give, place, take title subject to~~, a first deed of trust secured
on the premises of _two hundred Fifty Five thousand_ Dollars ($ _255,000_ )
due _____, 19____, bearing interest at the rate of _____
per cent per annum, payable _at best terms obtainsble_

_____
_____
_____

(4) The balance of deferred purchase money is to be secured by a _____
deed of trust on said property, in the amount of _____
_____Dollars ($_____), to be paid in monthly installments of _____
_____Dollars ($_____) or more, including interest at the rate of _____
per cent per annum, each installment when so paid to be applied, first, to the payment of interest
on the amount of principal remaining unpaid and the balance thereof credited to principal.

_Settlement of this contract will be handled_
_By Sentinel Title Co. 5301 Wisconsin Ave. N.W._
_Suite 100_  _202-237-8222_
_Att: Anthony P. Interdonato, Esq._

_____
_____
_____
_____

Trustees in all deeds of trust are to be named by the parties secured thereby.

(5) The property is to be sold free of encumbrance, except as aforesaid; title is to be good of record and in fact, subject, however to
covenants, conditions and restrictions of record, if any; otherwise the deposit is to be returned and sale declared off at the option of the
purchaser, unless the defects are of such character that they may readily be remedied by legal action, but the seller and Agent are hereby
expressly released from all liability for damages by reason of any defect in the title. In case legal steps are necessary to perfect the title,
such action must be taken promptly by and at the seller's expense, whereupon the time herein specified for full settlement by the pur-
chaser will thereby be extended for the period necessary for such action.

(6) Seller agrees to execute and deliver a good and sufficient special warranty deed.

(7) Property is sold and shall be conveyed subject to an existing tenancy as follows: _occupany by_
_Purchaser_

Seller agrees to give possession at time of settlement. If seller shall fail to do so and occupies said property, seller shall become and
be thereafter a tenant at sufferance of the purchaser, and hereby expressly waives all notice to quit provided by law.

(8) Seller assumes the risk of loss or damage to said property by fire or other casualty until the executed deed of conveyance is
delivered to the purchaser or is recorded for him by the Title Company making the settlement.

(9) All notices of violations of Municipal orders or requirements noted or issued by any Department of the District of Columbia, or
prosecutions in any of the courts of the District of Columbia on account thereof against or affecting the property at the date of settlement
of this contract shall be complied with by the seller and the property conveyed free thereof, with the exception of the means of egress
regulations. This provision shall survive the delivery of the deed hereunder.

(10) Settlement is to be made at the office of the Title Company searching the title, and deposit with the Agent or
at the Title Company of the cash payment as aforesaid, the deed of conveyance and such other papers as are required by the terms of
this contract shall be deemed and construed as a good and sufficient tender of performance of the terms hereof.

(11) Rent, taxes, water rent, insurance and interest on existing encumbrances, if any, and operating charges are to be adjusted to the
date of transfer. Taxes, general and special, are to be adjusted according to the certificate of taxes as issued by the Collector of Taxes
of the District of Columbia, except that assessments for improvements completed prior to the date hereof, whether assessment therefore
has been levied or not, shall be paid by the seller or allowance made therefor at the time of transfer.

(12) Examination of title, tax certificate, conveyancing, notary fees, and all recording charges, including those for purchase money
trust, if any, are to be at the cost of the purchaser who hereby authorizes the undersigned Agent to order the examination of title; pro-
vided, however, that if upon examination the title should be found defective, and is not remedied as aforesaid, the seller hereby agrees
to pay the cost of the examination of the title and also to pay the Agent herein the commission hereinafter provided for just as though
the sale had actually been consummated and all the terms of this contract complied with. District of Columbia Recordation Tax shall be
paid by _Purchaser & Seller equally_

(13) Within _Sixty (60)_ days from the date of acceptance hereof by the seller, or as soon thereafter as a report on
the title case can be secured if promptly ordered, and/or survey, if required, the seller and purchaser are required and agree to make full
settlement in accordance with the terms hereof.

If the purchaser shall fail to make full settlement, the deposit herein provided for may be forfeited at the option of the seller, in
which event the purchaser shall be relieved from further liability hereunder, or, without forfeiting the deposit, the seller may avail
himself of any legal or equitable rights and remedies which he may have under this contract.

(14) The entire deposit shall be held by _Seller_ Agent until settlement
hereunder is made or until the deposit is forfeited. In the event of the forfeiture of the deposit, the Agent shall retain one-half thereof
as a compensation for his services and shall pay to the seller the remaining one-half of the forfeited deposit.

(15) Seller agrees to pay to _N/A_ Agent
a commission of _____ per cent of the purchase price of which said commission being hereby assigned to the Agent by the seller out of
the proceeds of sale. The party through whom settlement hereunder is made is hereby authorized and directed to make deduction of the
aforesaid commission from the proceeds of the sale and to make payment thereof to said Agent.

_05 1162_

FILED

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(18) The principals to this contract mutually agree that it shall be binding upon them, and each of their respective heirs, executors, administrators, successors and assigns; that the provisions hereof shall survive the execution and delivery of the deed aforesaid and shall not be barred therein; that this contract contains the final and entire agreement between the parties hereto, and that they shall not be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained.

_____
                        Agent

We, the undersigned, hereby ratify, accept and agree to the above memorandum of sale and acknowledge it to be our contract. Property is to be conveyed in the name or names of.................................

_____ x          _____ 6-1-78
        Purchaser                              Seller
_____            _____ 6-1-9
        Purchaser                              Seller

Date of Acceptance:

_____ 6-1-, 19 78