**EXHIBIT F**

AGREEMENT

This Agreement made this ____ day of February, 2001, (the "Agreement") by and between Vida Momenian and Houshang Momenian (the "Momenians") and Tesfaye X. Guebre and Emebet Fikru ("Purchaser").

RECITALS

WHEREAS, the parties entered into a Sales Contract dated June 1, 1998 whereby Purchaser agreed to purchase from the Momenians, the real property known as 527-529 8th Street, SE, Washington, DC (the "Contract");

WHEREAS, as part of the transaction, it was intended that the Purchaser would acquire the Business known as Discount Food Market (the "Business"), owned by Vida Momenian and operated in the property;

WHEREAS, the parties had settlement under the Contract on or about December 21, 1998 at which time the Momenians conveyed, not only 527-529 8th Street, SE, Washington, DC, but also 531 8th Street, SE, Washington, DC (all of the property conveyed is hereinafter referred to as the "Real Property" and 531 8th Street, SE, Washington, DC is hereinafter referred to as the "531 Property");

WHEREAS, in connection with the closing of the transaction, Purchasers executed a Promissory Note in the original principal sum of $255,000 payable to First Liberty National Bank, which Promissory Note is secured by the Real Property (the "Bank Loan");

WHEREAS, the Purchasers also executed a Deed of Trust Note dated December 21, 1998 payable to Amelia T. Interdonato in the principal sum of $100,000, which note is also secured by the Real Property (the "Interdonato Note");

WHEREAS, certain disputes have arisen between the Momenians and the Purchasers because the intended transaction was not properly documented;

WHEREAS, the parties desire to resolve their differences and properly memorialize the transaction as hereinafter set forth in this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants hereinafter contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.    Incorporation of Recitals. The Recitals set forth above are incorporated by reference.

2.    Bill of Sale. The Momenians shall execute a Bill of Sale transferring all right, title and interest in and to the assets of the Business known as Discount Food Market located at 527-529 8th Street, SE, Washington, DC. The Bill of Sale shall be a "quit claim" of Vida Momenian's interest in the personal property and she shall warrant only that, as of December 21, 1998, she had good marketable title to the assets, free and clear of all encumbrances.

05 1162

FILED

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.  Transfer of Alcoholic Beverage License. Purchaser shall, forthwith, apply for transfer of the Class B alcoholic beverage license, application number 31997, issued by the Alcoholic Beverage Control Board of the District of Columbia and currently in the name of Vida Momenian. Vida Momenian shall cooperate in the transfer of the license by executing any and all documents required.

4.  Conveyance of the 531 Property. It is intended that the Purchaser convey the 531 Property to the Momenians, or their assignees, free and clear of all liens and encumbrances and bear any and all expenses incurred in said conveyance including, but not limited to, recordation and transfer taxes, recording fees, deed preparation costs and owner's title insurance. Because the 531 Property, however, is encumbered by the Bank Loan, and said Bank Loan will be due in full upon conveyance of any of the Real Property, the parties have elected to defer conveyance of the 531 Property to the Momenians as provided herein. In the mean time, the Purchasers and the Momenians shall execute a triple net lease, in form reasonably acceptable to all parties, whereby the Momenians will lease the 531 Property for the sum of ten dollars ($10) per year and be responsible for the payment of any and all expenses related to the property, including, but not limited to, real estate taxes and insurance. The lease shall further provide that the Momenians shall have the unfettered right to sublease the 531 Property upon such terms and conditions as shall be determined by the Momenians and their sole discretion. The Momenians shall have the right to close the existing opening between the 531 Property and the remaining property.

5.  Refinancing of the Property. On or before December 21, 2003, (the "Reconveyance Deadline"), Purchaser shall refinance the Real Property or otherwise pay off the existing liens encumbering the Real Property. In the course of such refinance, Purchaser shall arrange for release of any lien encumbering the 531 Property and convey the property to the Momenians, free and clear of all liens and encumbrances.

6.  Breach by Purchaser; Liquidated Damages. In the event the Purchaser fails or refuses to reconvey the 531 Property to the Momenians as provided herein, the parties agree the Momenians will suffer substantial but undeterminable damages including, but not limited to, loss of the use and the value of the 531 Property and the value of the business currently operating in the 531 Property. The parties agree and stipulate that the damages suffered by the Momenians in the event of such breach shall be $400,000. To secure payment of these damages, the Purchaser shall execute a non recourse Promissory Note in the amount of $400,000 payable to the Momenians which note shall be secured by a Deed of Trust encumbering all the properties. The Deed of Trust shall be recorded among the land records of the District of Columbia. The Purchasers shall bear all costs and expenses of recording the Deed of Trust. The Promissory Note shall be payable only from the proceeds of the real property and the Purchaser shall have no personal liability for payment of the amounts due under the Promissory Note. The Promissory Note should be due and payable in full on December 21, 2003. If Purchaser shall fulfill its obligation to reconvey the 531 Property as provided herein on or before December 21, 2003, the Promissory Note shall be returned to the Purchaser and the Deed of Trust against the 531 Property shall be released.

7.  Option to Repurchase. In addition to the other remedies provided herein, in the event the Purchaser shall fail to reconvey the 531 Property to the Momenians, the Momenians shall have the Option to Repurchase the Real Property and the Businesses for the sum of $255,000 said option to be exercised, in writing, no earlier than the Reconveyance Deadline, but no later than the date which is thirty (30) days from the Reconveyance Deadline. In the event the Momenians shall exercise the Option to Repurchase, the Purchaser shall convey the properties free and clear of all

liens and encumbrances.

8. **Indemnification of Interdonato Note.** The Momenians hereby agree to indemnify and hold the Purchasers harmless from any and all liability arising under the Interdonato Note. The Momenians shall arrange for release of the Deed of Trust securing said note in connection with and at the settlement of the refinance provided for in Paragraph 5.

9. **Attorney's Fees.** In the event of a breach by the Purchaser of its obligations hereunder, the Purchaser shall pay to the Momenians any and all expenses arising from such breach, including reasonable Attorney's fees whether or not suit is filed.

10. **Disputed Claims.** The agreements reached herein represent compromises of disputed claims and nothing herein shall be construed as an admission of liability by any party.

11. **Entire Agreement** This Agreement sets forth the entire understanding of the parties hereto with respect to the subject matter herein and they shall not be changed or terminated orally There are no other warranties or representations made or relied upon by any of the parties to this transaction other than those expressly set forth in said Agreement. This Agreement shall be construed in accordance with the laws of the District of Columbia.

12. **Counterparts.** This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. **Successors and Partial Invalidity.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. In the event any part of this Agreement should be determined by a court of competent jurisdiction to be invalid or unenforceable, the validity of the rest of the Agreement shall not be affected and the rights and obligations of the parties shall be construed and enforced as if this Agreement did not contain the particular part held to be invalid or unenforceable.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year stated below.

_____  2/27/01
Houshang Momenian

_____  2/27/01
Vida Momenian

PURCHASER:

_____  03-24-01
Tesfay X. Guebre

_____  03/24/01
Emebet Fikru