EXHIBIT G

# LEASE

by and between

TESFAYE X. GUEBRE AND EMEBET FIKRU

and

VIDA MOUMENIAN AND HOUSHANG MOUMENIAN

\\Secretary\client files\Discount Food Market\Lease.wpd 7/2/01

05 1162

**FILED**

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TABLE OF CONTENTS

1. Leased Premises. ...................................................... 1
2. Term and Commencement of Lease ...................................... 1
3. Rent Payable. ........................................................ 1
4. Option to Extend Term. ............................................... 1
5. Real Estate Taxes. ................................................... 2
6. Personal Property Tax. ............................................... 2
7. Fire and Extended Coverage Insurance. ................................ 2
8. Access and Use. ...................................................... 3
9. Repair and Maintenance. .............................................. 3
10. Condition of the Premises; Landlord Work. ........................... 3
11. Alterations By Tenant. .............................................. 3
12. Utilities. .......................................................... 3
13. Waiver of Subrogation ............................................... 3
14. Lease Subordinate to Mortgages. ..................................... 3
15. Assignment and Subletting ........................................... 4
16. Transfer By Landlord ................................................ 4
17. Covenants Of Landlord ............................................... 4
18. Waiver Of Jury Trial. ............................................... 4
19. Brokers, Etc ........................................................ 4
20. Notices ............................................................. 4

21.  Miscellaneous Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

EXHIBIT A- DEMISED PREMISES

# LEASE

THIS LEASE made and entered into this ___ day of _____, 2001, by and between Tesfaye X. Geubre and Ember Fikru ("Landlord") and Vida Moumenian and Houshang Moumenian ("Tenant").

In consideration of the rents hereinafter reserved and the agreements hereinafter set forth, Landlord and Tenant mutually agree as follows:

1. **Leased Premises.**

   Landlord hereby leases to Tenant, and Tenant hereby leases from Landlord, the real property located at 531 8th Street, SE, Washington, D.C. (the "Premises") along with the improvements thereon (the "Building") as described on Exhibit A attached hereto and incorporated by reference herein.

2. **Term and Commencement of Lease.**

   A. The term of this Lease (the "Term") shall commence on _____, 2001 ("Lease Commencement Date"). Each Lease Year during the Term shall mean a period of twelve (12) consecutive months commencing on the Commencement Date provided, however, that if the Lease Commencement Date is not the first day of the month, then the second lease year shall commence on the first day of the month following the month in which the first anniversary of the Lease Commencement Date occurs ("Lease Year").

   B. The Term shall end at midnight on the last day of the month which is twenty (20) years from the Lease Commencement Date.

3. **Rent Payable.**

   A. Tenant shall pay all rent to landlord, without prior notice or demand therefore and without any offset, deduction, or counterclaim whatsoever in the amounts at the rates and at the times set forth herein.

   B. Tenant shall pay to Landlord Minimum Rent in the amount of Ten Dollars ($10.00) per year.

4. **Option to Extend Term.**

   A. (i) Tenant shall have the option to extend the Term of this Lease for two additional twenty (20) year terms. Such options shall be exercised, if at all, by Tenant giving to Landlord written notice thereof by certified or registered mail, at any time at least six (6) months

\\Secretary\client files\Discount Food Market\Lease.wpd 7/2/01

prior to the end of the Term. Upon the giving of such notice, the Term of this Lease shall be extended for the twenty (20) year period commencing at midnight of the day immediately following the last day of the then current Term (the "Extension Term"), upon all of the terms, provisions and conditions of this Lease.

5. <u>Real Estate Taxes</u>.

The Tenant shall pay, when the same shall be due, as though it were rent, the annual real estate taxes which may be assessed upon the Premises and the Building ("Real Estate Taxes"). It is expressly agreed that Tenant shall pay the aforementioned sums equal to said annual real estate taxes when due, as said taxes may be increased from time to time during the term hereof, whether such increase in real estate taxes be due to increase of rate of tax, reassessment of the property taxes or to improvements and remodeling performed to any improvements on the demised premises, either before or after the commencement of the term of this Lease and during any extension or renewal hereof.

If at any time during the term of this Lease the present method of taxation or assessment shall be so changed that the Real Estate Taxes previously levied, assessed or imposed on real estate and the buildings and improvements thereon shall, in lieu thereof, be imposed, assessed or levied as a capital levy or otherwise upon the rents reserved herein or as a tax, corporation franchise tax, assessment, levy or charge or any part thereof, measured by, or based upon, the demised premises or on the rents derived therefrom and imposed upon Landlord, then Tenant shall pay all such taxes so measured or based to the extent that any such change in the method of taxation or assessment relieves the Tenant from the payment of such Real Estate Taxes on the real estate as they were previously known. It is the intention of the parties that in the event of any change in the method of taxation as set forth herein, Landlord and Tenant shall continue to bear their same respective monetary obligations as existed immediately prior to such change.

6. <u>Personal Property Tax</u>. Tenant shall pay all charges and taxes (local, state, federal and personal property), which now or hereafter may be imposed upon the ownership, leasing, rental, sale, purchase, possession or use of all personal property used on the Premises.

7. <u>Fire and Extended Coverage Insurance</u>.

Tenant agrees to pay the cost of the fire and extended coverage insurance premiums for the Building ("Fire Insurance") in amounts necessary and reasonable to effect all costs of replacement and restoration of the Building during the Term of this Lease, and any extension hereof, as the same may be increased during the Term hereof, whether the increase be due to any increase in the general insurance rates, change in the identity of the insurance company or broker issuing or writing any such policy.

8. Access and Use.

A. Tenant shall use and occupy the Premises solely for any legal purpose.

9. Repair and Maintenance. The Tenant agrees to make and pay for all interior and exterior repairs to the Premises and all equipment therein, including repairs to the roof, exterior walls and structure, except in the event such repairs to the roof, exterior walls or structure are necessitated by Landlord's negligence.

10. Condition of the Premises; Landlord Work. Landlord makes no warranties with respect to the condition of the Premises and Tenant agrees to accept the Premises in "as is" condition. Landlord shall not be obligated to make any improvements to the Premises and all improvements related to Tenant's occupancy, or otherwise, shall be at Tenant's sole cost and expense.

11. Alterations By Tenant. Tenant may make any structural alterations or modifications to the Premises or to the Building or changes to the HVAC, electrical or plumbing systems deemed necessary by Tenant.

12. Utilities.

A. Tenant shall contract directly with the appropriate public utility companies for the supplying of utility services to the Premises. Tenant shall promptly pay all utility charges separately contracted for so as to avoid any delinquent charges or lien filings or foreclosure actions for nonpayment.

B. Landlord shall incur no liability whatsoever should any utility become unavailable from any public utility company, public authority or any other person, firm or corporation, supplying or distributing such utility, unless caused by Landlord's failure to pay for same upon the receipt of payments from Tenant.

13. Waiver of Subrogation. Landlord and Tenant each hereby releases the other, its agents, invitees, or visitors from any claims for damage or loss to any person or to the Premises, the Building, any property contained therein, or any other property, caused by or resulting from any risks insured against under any insurance policies carried by Landlord or Tenant and in force at the time of any such damage or loss to the extent such damage or loss is actually compensated by insurance proceeds, regardless of the cause of the damage or loss (including the negligence of Landlord or Tenant or their respective agents).

14. Lease Subordinate to Mortgages.

This Lease is subject and subordinate to the lien of any mortgage or deed of trust encumbrance now or at any time hereafter placed on the real estate on which the demised

premises is located, and the Tenant does hereby agree to execute any and all instruments to effect such subordination which the Landlord may request or require.

This clause shall be conditioned upon Landlord obtaining a non-disturbance agreement (recognizing Tenant's rights under this Lease) from the holder of any mortgage encumbering the Building or the Land upon which the Building is located.

15. **Assignment and Subletting.** Tenant shall have the absolute right to assign this Lease or sublease all or any part of the Premises.

16. **Transfer By Landlord.** Landlord may not sell, assign or otherwise transfer any portion of its interest under this Lease or in the Premises or the Building, without the Tenant's prior written consent, such consent to be given or withheld in Tenant's sole discretion.

17. **Covenants Of Landlord.** Landlord covenants that it has the right to make this Lease, and that Tenant shall, during the Term and subject to the provisions of this Lease, quietly occupy and enjoy the Premises without molestation or hindrance by Landlord and its successors.

18. **Waiver Of Jury Trial.** Landlord and Tenant hereby waive trial by jury in any action, proceeding or counterclaim brought by either of them against the other with respect to any matter whatsoever arising out of or in any way connected with this Lease, the relationship of Landlord and Tenant hereunder, Tenant's use or occupancy of the Premises or any claim of injury or damage.

19. **Brokers, Etc.** Landlord and Tenant each represents and warrants to the other that, neither of them has employed any broker in carrying on any negotiations relating to this Lease. Landlord and Tenant shall each indemnify and hold harmless the other from any claim for brokerage or other commission arising from or out of any breach of the foregoing representation and warranty. Any representation or statement by a leasing company, broker, or any third party (or employee thereof) engaged by Landlord as an independent contractor which is made with regard to the Premises or the Building shall not be binding upon Landlord nor serve as a modification of this Lease.

20. **Notices.** No notice, request, consent, approval, waiver or other communication which may be or is required or permitted to be given under this Lease shall be effective unless the same is in writing and is delivered in person or sent by registered or certified mail, return

receipt requested, first-class postage prepaid, addressed as follows:

| | |
|---|---|
| If to Landlord: | Tesfaye X. Guebre and Embet Fikru |
| | _____ |
| | _____ |
| | _____ |
| Copy to: | _____ |
| | _____ |
| | _____ |
| | _____ |
| If to Tenant: | Vida Moumenian and Houshang Moumenian |
| | _____ |
| | _____ |

or at any other address that may be given by one party to the other by notice in accordance with this Section. Such notices and other communications, if sent by registered or certified mail, shall be deemed to have been given at the time of mailing. All payments or rent required to be made by the terms of this Lease and any other payments that may become due from Tenant to Landlord hereunder shall be made to Landlord at the address specified in this section, or to such other person or at such other address as Landlord may, from time-to-time, designate in a notice to Tenant.

21. Miscellaneous Provisions.

A. Benefit and Burden. Except as otherwise expressly set forth herein, the provisions of this Lease shall be binding upon, and shall inure to the benefit of, the parties hereto and each of their respective successors and assigns.

B. Governing Law. This Lease shall be construed and enforced in accordance with the laws of the District of Columbia without giving effect to the choice of law rules thereof.

C. No Partnership. Nothing contained in this Lease shall be deemed or construed to create a partnership or joint venture of or between Landlord and Tenant, or to create any other relationship between the parties other than that of Landlord and Tenant.

D. No Representations by Landlord. Neither Landlord nor any agent of Landlord has made any representations or promises with respect to the Premises of the Building except as herein expressly set forth, and no rights, privileges, easements or licenses are granted to Tenant except as herein expressly set forth.

E.  **Pronouns**. Feminine or neuter pronouns shall be substituted for those of the masculine form, and the plural shall be substituted for the singular number, in any place or places in this Lease in which the context may require such substitution or substitutions. For convenience the Landlord and Tenant have each been referred to in neuter form in this Lease.

F.  **Captions**. The captions used herein are for convenience of reference only and are not part of this Lease, and shall in no way be deemed to define, limit, describe, or modify the meaning of any provision of this Lease.

G.  **Meaning of Including**. Whenever the word "including" is used herein, it shall be deemed to mean "including but not limited to."

H.  **Invalidity of Particular Provisions**. If any term or provision of this Lease or applications thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remaining terms and provisions of this Lease, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Lease shall be valid and enforced to the fullest extent permitted by law.

I.  **Counterparts**. This Lease may be executed in several counterparts, but all counterparts shall constitute one and the same legal document.

J.  **Entire Agreement**. This Lease, and any exhibits and addenda attached hereto, contain and embody the entire agreement of the parties hereto, and no representations, inducements, or agreements, oral or otherwise, between the parties not contained in this Lease or in the exhibits or addenda, if any, shall be of any force or effect. This Lease may not be modified, changed or terminated in whole or in part in any manner other than by an agreement in writing duly signed by the party to be charged therewith.

*[The remainder of this page is intentionally left blank.]*

IN WITNESS WHEREOF, Landlord and Tenant have executed this Lease under seal as of the day and year first written.

WITNESS: *Patrick H. Allen*

*Patrick R. Allen*

_____

_____

LANDLORD:

*[signature]*
Tesfaye X. Guebre

*[signature]*
Emebet Fikru

TENANT:

*[signature]*
Vida Moumenian

*[signature]*
Houshang Moumenian