**EXHIBIT H**

## DEED OF TRUST PROMISSORY NOTE
(Non-Recourse)

$400,000.00                                                                August __, 2001
                                                                           Washington, D.C.

FOR VALUE RECEIVED, the undersigned Tesfay X. Guebre and Emebet Fikru (collectively referred to as "Maker"), promises to pay to the order of Houshang Momenian and Vida Momenian (the "Holder"), or his assigns, at 24510 Burnt Hill Road, Clarksburg, MD 20871, or at such other place or to such other party or parties as the holder of this Note may from time to time designate, without offset, the principal sum of Four Hundred Thousand Dollars ($400,000), together with interest thereon computed from this date at the rate of eight (8%) per annum. The principal of this Note, plus accrued interest at the rate aforesaid, shall be due and payable in full on December 21, 2003. All payments when made shall be applied first to the payment of late fees or attorneys' fees, then to the payment of interest on the unpaid balance, and the remainder to principal. Payments hereunder, including the payment of principal, shall be delinquent and subject to a five percent (5%) late charge if not received within five (5) days of the due date.

All payments of principal and of interest are payable in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment; and in the event of (a) default in the payment of any installment of principal and interest, or any other sums payable pursuant to the terms of this Note or the deed of trust securing this Note, (b) default in the performance of any covenant or agreement contained in any deed of trust securing this Note at the time when performance is required by such deed of trust,

05 1162

L:\Moumina\PROMNOTE.1.wpd 8/13/01

FILED

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(c) the filing of a petition by the undersigned under the provisions of the Federal Bankruptcy Act, or (d) any assignment by the undersigned for the benefit of its creditors, then or at any time thereafter, Holder shall be entitled to interest at the default rate of eighteen percent (18%) per annum (the "Default Rate") until the principal amount is paid, and at the option of the Holder of the Note with no notice to Maker required, the whole of the principal sum then remaining unpaid hereunder together with all interest accrued thereon, shall immediately become due and payable and any liens given to secure the payment of this Note may be foreclosed. From and after the maturity of this Note, either according to its terms or as the result of a declaration of maturity, the entire principal unpaid hereunder shall bear interest at the Default Rate. Holder's failure to exercise such option or any other rights to which Holder may be entitled to shall not constitute waiver of the right to exercise such option or any other rights in the event of any subsequent default, whether of the same or different nature.

This Note may be prepaid at any time without penalty.

This Note is secured by a Deed of Trust dated of even date herewith to which reference is made for the terms thereof, and the same are hereby made a part of this Note. Holder shall look solely to the property which is subject of the Deed of Trust for satisfaction of this Note and the Holder shall not otherwise have recourse against Maker.

If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, the undersigned promises to pay reasonable attorneys' fees, along with all other costs and expenses of collection.

In the event the interest provisions hereof or any exactions provided for herein or in any other instruments securing this Note shall result in an effective rate of interest which, for any

period of time, transcends the limit of the usury or any other law applicable to the loan evidenced hereby, all sums in excess of those lawfully collectible as interest for the period in question shall, without further agreement or notice between or by any party hereto, be applied to principal immediately upon receipt of such monies by Holder with the same force and effect as though the Maker had specifically designated such and agreed to accept such extra payment(s) as a premium free payment. Notwithstanding the foregoing, however, Holder may at any time and from time to time elect, by notice in writing to the owners of the property affected by the loan documents securing this Note, to reduce or limit the collection or any detention of money or for forbearance in seeking its collection.

The undersigned and all endorsers, guarantors and all persons liable or to become liable on this Note waive presentment, protest and demand, notice of protest, demand and dishonor, nonpayment of this Note, and extensions of the time of payment hereof except as otherwise provided herein, and agree, further, that any time and from time to time without notice, the terms of payment herein may be modified or any security securing the Note released in whole or in part, or increased, changed or exchanged by agreement between Holder and any owner of premises affected by said lien document securing this Note without in any way affecting the liability of any party to this instrument or any person liable with respect to any indebtedness evidenced hereby.

None of the rights and remedies of the Holder hereunder are to be waived or affected by failure or delay to exercise them. All remedies conferred on Holder by this Note or any other instrument or agreement shall be cumulative, and none is exclusive. Such remedies may be exercised concurrently or consecutively at the Holder's option.

This Note shall be governed as to validity, interpretation, construction, effect and in all other respects by the laws and decisions of the District of Columbia. Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or portion thereof shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

Should the title to the property which is the security for the indebtedness evidenced by this Note become vested in any one other than the Maker without Holder's prior written consent

*[The remainder of this page intentionally left blank.]*

prior to the maturity hereof, the entire indebtedness shall immediately become due and payable in full, at the option of the Holder hereof.

MAKER:

_____
Tesfay X. Guebre

_____
Emebet Fikru

      This is to certify that this is the Note described in that certain Deed of Trust made this day executed by the Maker, conveying that certain real property in the District of Columbia, described in Schedule A attached thereto, said Note and deed of trust having been executed in my presence by Tesfay X. Guebre and Emebet Fikru.

_____
Notary Public

My Commission Expires:

_____

## SCHEDULE A

Legal Description

The South 17 feet 6 inches on 8th Street by full depth thereof of lot lettered "G" in Frederick May's subdivision of Square 903 as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber N.K. at folio 125.

Note: Said property is known as Lot 820, Square 903

## DEED OF TRUST

THIS DEED OF TRUST made this ___ day of ___, 2001, between TESFAY X. GUEBRE and EMEBET FIKRU (hereinafter the "GRANTOR" or "BORROWER"), and ANDREW J. KLINE and J. VAUGHAN BRANCH, Trustee (hereinafter the "Trustee") either one of whom may act.

WHEREAS, the Grantor is indebted to Houshang Momenian and Vida Momenian and assigns (hereinafter "Lender"), in the principal amount of Four Hundred Thousand Dollars ($400,000.00), representing deferred purchase money, for which amount the Grantor has made and delivered a Deed of Trust Note of even date herewith (hereinafter called the "Note"), payable to Lender or assigns at Houshang Momenian and Vida Momenian, 24510 Burnt Hill Road, Clarksburg, MD 20871 or at such other place or to such other party or parties as the holder of the Note may from time to time designate, in the principal amount of Four Hundred Thousand Dollars ($400,000.00), with interest thereon computed as set forth in the Note, which Note is due and payable in full on December 21, 2003.

WHEREAS, the Note provides that the principal sums evidenced by the Note shall become due and payable at the option of the holder thereof on the happening of any default or event by which, under the terms of this Deed of Trust, such principal sum may or shall become due and payable; and

WHEREAS, the Borrower desires to secure the prompt payment of the such principal and interest and the full performance of the covenants herein contained, as well as the prompt payment of principal and interest on any renewal, extension, or change of such Notes, and any note given in substitution thereof, which renewal, extension, change or substitution shall not impair in any manner the validity or priority of this Deed of Trust; and also to secure reimbursements to any Trustee acting hereunder and to any purchaser or grantee under any sale under the provisions of this Deed of Trust for all money which may be advanced as herein provided, and for all costs and expenses, including reasonable attorney's fees, incurred or paid on account of any litigation at law or in equity which may arise in respect to this Deed of Trust, or the indebtedness, or the property herein mentioned, or obtaining possession of the property after any sale which may be made as hereinafter provided;

NOW, THEREFORE, under this Deed of Trust, the Grantor in consideration of the premises and the sum of ten dollars ($10.00) cash in hand paid by the Trustee, the receipt and sufficiency of which, before the signing and delivery of these presents, is hereby acknowledged, does hereby grant and convey unto the Trustee, its successors and assigns, in trust in fee simple, with full power of sale, the land and premises, with the improvements, any building hereafter constructed or placed thereon, easements, rights of ways and appurtances, now or hereinafter called the "Property", situated in the District of Columbia, and more particularly described on the Legal Description attached hereto, together with all right, title and interest of the Grantor in and to all machinery, apparatus, equipment, fittings and fixtures of every kind and nature whatsoever,

now owned or hereinafter acquired by the Grantor and now or hereafter placed in, affixed to or used in connection with the operation of, the Property, including, but without limiting the generality of the foregoing, all engines, furnaces, boilers, stokers, pumps, heaters, tanks, dynamos, motors, generators, fans, blowers, vents, switchboards, electrical equipment, heating, plumbing, lifting and ventilating apparatus, air cooling and air conditioning apparatus, gas and electrical fixtures, elevators, escalators, shades, awnings, screens, radiators, partitions, ducts, compressors, vacuum cleaning systems, call systems and fire prevention and extinguishing apparatus, all or any of which machinery, apparatus, equipment fittings and fixtures are hereby understood and agreed to be or become part and parcel of the Property and appropriated to the use of the Property, whether affixed or annexed or not, shall for the purposes of this Deed of Trust be deemed to be fixtures and accessory to the freehold and a part of realty as between the parties hereto, and shall be deemed to be a portion of the security for the indebtedness herein mentioned and to be subject to this Deed of Trust, in an upon the following uses and trusts:

1. <u>Grantor's Rights Absent Default</u>. Until any default in the payment of any indebtedness hereby secured, or until the breach of any covenant herein contained, the Grantor, its successors and assigns, shall possess and enjoy the Property, and receive the rents, issues and profits therefrom. Upon full payment of the Note, and any extension or renewal thereof, and interest thereon, and all sums advanced or expended as herein provided and all other proper costs, charges, expenses, fees, commission and half-commissions incurred at any time before a sale as hereinafter provided for, the Trustee shall release and reconvey the Property, at the Grantor's cost, to the Grantor, or to any party then claiming through or under it.

2. <u>Obligations of Grantor</u>. The Grantor shall be required to do the following:

(a) The Grantor will pay the indebtedness secured hereby and the interest thereon at the time and in the manner provided in the Note. Upon default in such payment, the holder of the Note shall have the option to cause the whole indebtedness to become immediately due and payable.

(b) The Grantor will keep the Property and the fixtures thereon constantly insured against loss or damage by fire and the casualties included under extended coverage and against loss by other casualty in amounts and under types of policies in companies satisfactory to the holder of the Note with losses payable to the holder in such form as the holder may require. The Grantor will deliver such policy or policies with evidence of the payment of premiums thereon to such holder. In the event the Grantor shall at any time fail to perform such requirements, then such holder may cause the Property to be insured and may pay the premiums for such insurance, and any premium paid or expense incurred in so doing shall be secured by this Deed of Trust, and shall be repaid with interest at the rate as provided in the Note, by the Grantor within five (5) days after demand. The right of such holder to cause the Property to be insured and to pay any such premium shall not be construed to prevent such holder from exercising an option to cause the whole indebtedness hereby secured to become immediately due and payable upon such default; provided that if such holder shall exercise the right to cause the Property to be insured or to pay any such premiums, such holder shall have the option to cause the whole indebtedness to

become due and payable only if repayment is not made as above provided. Such holder may, at its option, apply any insurance proceeds received to the payment of the indebtedness secured hereby or make such proceeds available to the Grantor for the replacement and repair of the Property, under such terms and conditions as it shall see fit.

(c) The Grantor will pay all taxes, assessments and charges that may be levied or assessed on or against the Property as the same become due and payable and deliver official receipts to the holder of the Note on demand showing such payment to have been made. Upon default in such payment, the holder may, at its option, pay or cause to be paid, the amount due, and such amount, with any expenses of payment, shall be secured by this Deed of Trust, and shall be repaid with interest at the rate as provided in the Note, by the Grantor within five (5) days after demand. No such right of payment by the holder of the Note shall prevent it from exercising its option to cause the whole indebtedness hereby secured to become immediately due and payable upon such default; provided that if such holder shall pay the amount due, such holder shall have the option to cause the whole indebtedness to become immediately due and payable only if repayment thereof is not made as above provided.

(d) The Grantor will at all times maintain the Property and the fixtures thereon in good order and repair, and shall not commit any waste or injury to such an extent as to impair the value of the same as security for the debt. Upon the failure of the Grantor to perform this requirement, the whole indebtedness hereby secured shall become immediately due and payable at the option of the holder of the Note.

(e) The Grantor will comply with the requirements of all laws and regulations in force in the District of Columbia or any subdivision thereof and will comply with all orders, decrees or requirements of all governmental bodies having jurisdiction over, or with respect to, the Property; provided however, that the Grantor may, after written notice to the holder of the Note, contest any such law, regulation, order, decree or requirement, in any reasonable manner which will not affect the title of the Trustee to any part of the Property, or the lien of this Deed of Trust, or the maintenance of that a standard of physical condition of the Property which is provided for in subparagraph (e) of this paragraph.

3. <u>Dispossession of Grantor</u>. Upon default by the Grantor in the performance of any requirement provided for in this Deed of Trust or in the Note secured hereby, which under this Deed of Trust gives the holder of the Note the option to cause the whole indebtedness to become immediately due and payable, the Trustee, at the written request of such holder, shall have the right forthwith, after any such default, to enter upon and take possession of the Property, and to let the Property and to receive all the rents, issues, and profits therefrom which are overdue, due or become due, and to apply the same after payment of all necessary charges and expenses, against the balance of the then remaining indebtedness hereby secured. For this purpose, such rents and profits are, in the event of any such default, hereby assigned as security to the Trustee. The Grantor or any subsequent owner of the Property shall in such event pay to the Trustee, in advance, a reasonable rent for the Property occupied by them. In default of such payment, the Grantor or such subsequent owner may be dispossessed by the usual summary proceedings. Any

tenant defaulting in the payment to the Trustee of any rent may be likewise dispossessed. This covenant becomes effective either with or without any action brought to foreclose this Deed of Trust and without applying at any time for a receiver of such rents. Such collection and application of rents shall in no manner be taken or held to interfere with or abridge the power of sale and disposition to the Trustees by this instrument, nor shall such collection and application of rents in any manner at law or in equity discharge or relieve the Grantor, its successors or assigns, from the full payment of the balance of the indebtedness hereby secured, in strict accordance with the terms hereof and of the Note hereby secured.

4. <u>Sale and Application of Proceeds</u>. Should default be made in the payment of said indebtedness or interest, or any installment of either, or should there be a breach of any of the covenants above set forth, then, and in either of said events, the entire indebtedness hereby secured shall immediately become due and payable, and the said Trustee shall, upon being requested to do so by the holder or holders of the said indebtedness, or any part thereof, sell all of the property hereby conveyed, upon such terms and conditions, and at such time and place, as the Trustee, in its sole discretion, may deem advisable, after advertising said sale in a manner prescribed by applicable law or rule of court, said sale may be held on the last day of publication and a bidder's deposit of not more than ten percent (10%) of the original amount secured may be required; and to convey the same to the Purchaser thereof, who shall not be required to see to the application of the purchase money. Out of the proceeds of such sale, the said Trustee shall pay all costs and expenses thereof, including attorney's fees and a Trustee's commission of five percent (5%) of the gross amount of sale; all taxes or assessments against the said land and premises due on date of sale; and the total amount of principal unpaid of said indebtedness, with interest to date whether the same be due or not. The balance, if any, shall be paid to the Grantor, upon delivery of possession of the said land and premises, less the cost, if any, of obtaining possession thereof.

If the said Property shall be advertised for sale as hereinabove provided, but be withdrawn from sale or for any other reason be not sold, the Trustee shall be entitled to one-half (½) the commission above provided, to be computed on the amount of the debt hereby secured or so much thereof as remains unpaid, including any advances and accruals, and any fees of attorneys or auctioneers, or any other incidental expense shall be charged to and be paid by the Borrower.

5. <u>Trustees</u>. The irrevocable power to appoint a substitute Trustee or Trustees hereunder is expressly granted to the holder of the Note, to be exercised at any time, without notice and without specifying any reason therefor, and without the necessity of the Grantor joining in the exercise of this power, by filing, for record in the office where this instrument is recorded, a deed of appointment. Such power of appointment of a substitute Trustee or Trustees may be exercised as often and whenever such holder deems it advisable. Upon the recording of such deed or deeds of appointment, the Trustee or Trustees so appointed shall thereupon without any further act or deed of conveyance become fully vested with identically the same title and estate in and to the Property with all the rights, powers, trusts and duties of their, his, or its predecessors hereunder, with like effect as if such Trustee or Trustees were originally named as Trustee or Trustees

hereunder. Whenever in this Deed of Trust reference is made to the Trustee or Trustees, it shall be construed to mean the Trustee or Trustees for the time being, whether original or successor or successors in the trust.

6. <u>Condemnation</u>. Should all or any part of the Property conveyed hereby be condemned or taken through eminent domain proceedings, all such part of any award or proceeds derived from such proceeds, as the holder of the Note in its sole discretion may determine, shall be paid to such holder subject to the rights of any superior lien holders and applied against the then remaining indebtedness hereby secured, and all such proceeds are hereby assigned to such holder to the extent of the then remaining indebtedness hereby secured.

7. <u>Renewal, Extension, Waiver</u>. The holder of the Note(s), at its option, may at any time renew or extend this Deed of Trust or the Note(s) secured hereby, or alter or modify the same in any way and (except to the detriment of the Grantor) may waive any of the covenants and conditions of the Note(s) or this Deed of Trust in whole or in part either at the request of the Grantor or of any other person then having an interest in the Property or in any way liable on the indebtedness secured hereby; take other security for the indebtedness or release any portion of the Property, or release any party primarily or secondarily liable on the Note(s); grant such extensions or indulgences in relation to the Note(s) and this Deed of Trust and the payment thereof; apply to the principal or interest of the indebtedness secured hereby any part or all of the proceeds obtained by sale or otherwise as herein provided, without resort or regard to other security. Such waivers, renewals, extensions, or other indulgences may be granted without in any way releasing the Grantor from any of the covenants, agreements or conditions of the Note or this Deed of Trust, or affecting the lien of this Deed of Trust on all Property covered hereby and not specifically released.

8. <u>Subordinate Liens</u>. If the Grantor shall grant any lien on the Property subordinate to this Deed of Trust, such subordinate lien shall be subject to the condition that the time for the payment of the indebtedness hereby secured and the manner and amount of payment thereof, and the benefits of the security afforded hereby and by the Note(s), or any obligation substituted for the Note(s), may, without the consent of such subordinate lien or, and without any obligation to give notice of any kind thereto, be modified, extended, re-extended or suspended on any terms whatsoever without in any manner affecting the priority of the lien hereby created, as security for the payment of the indebtedness secured hereby.

9. <u>Attornment</u>. If the Grantor shall lease the Property or any part thereof, any such lease shall be subject to the condition that, in the event of any foreclosure sale hereunder, such lease shall continue in full force and effect and the tenant thereunder will, upon request, attorn to and acknowledge the foreclosure purchaser as landlord, unless the holder of the Note, or such foreclosure purchaser or the Trustee hereunder, shall at or prior to the time of such sale, or within sixty (60) days thereafter, notify the tenant in writing to vacate and surrender the leased premises within thirty (30) days from the date of such notice to vacate and surrender. In the event of such notice, any such lease shall fully terminate and expire at the end of such thirty (30) day period. The holder of the Note hereby consents to the creation of such leases subject to such condition.

10. <u>Second Deed of Trust</u>. This Deed of Trust and the Note secured hereby shall be a second lien on the Property and shall be subordinate to the lien of the Deed of Trust granted to First Liberty National Bank (the "Priority Lender")by virtue of the deed of trust executed by Grantor and delivered this date, until such time as amounts due to the Priority Lender, or its successor, shall have been paid in full.

11. <u>Notices</u>. Any notice or demand that may be given or made hereunder or with reference to this Deed of Trust shall be sufficient notice or demand, if mailed to the respective parties at their following addresses:

> If to Grantor:           Tesfay X. Guebre and Emebet Fikru
>                          1835 North Culpepper Street
>                          Arlington, VA 22207
>
> If to Holder:            Houshang Momenian and Vida Momenian
>                          24510 Burnt Hill Road
>                          Clarksburg, MD 20871

by registered or certified mail, return receipt requested and postage prepaid. Such notices shall be considered to have been given at the time they are deposited in any letter box or post office of the United States Government.

12. <u>Binding Effect</u>. All provisions, covenants and agreements contained in this Deed of Trust shall bind, insure to the benefit or, and equally relate to the Grantor, its successors and assigns, and any other succeeding owners of the Property jointly and severally, and the Trustee or substituted or surviving Trustees or Trustee, or other successors or successors in trust and those claiming by, through or under them. The provisions herein relating to the Lender shall equally relate to its successors and assigns or other holder or holders of the Note secured hereby, including any endorsers, assignee or pledgee of the Note received title thereto by or through the Lender, its successors or assigns.

13. <u>Transfer of Property</u>. In the event title to the above-described property, or any part thereof, or any legal or beneficial interest therein shall become vested in anyone other than the Grantor prior to the maturity of the aforesaid Note, the entire indebtedness hereby secured shall immediately become due and payable in full, at the option of the holder of said Note. The Grantor shall not lease the Property described herein, without prior written consent of the holder of the Note.

14. <u>Prepayment</u>. The loan may be prepaid in part or in total at any time without penalty.

15. <u>Business Purpose Loan</u>. The Grantor warrants that this loan is for business purposes only and that proceeds of the loan will be used only for the purpose of acquisition of the Property described hereinabove.

16. <u>Modification</u>. The terms and conditions contained herein may not be waived, modified or in any way changed by implication, conduct, correspondence or otherwise, unless such waiver, modification or change is expressly stated as such and is specifically agreed to the Grantor and the holder of the Note in writing.

IN WITNESS WHEREOF, the Grantor has caused these presents to be executed in its name as of the day, month and year first hereinabove written.

WITNESSETH:                                GRANTOR:


_____          _____(SEAL)
                                                        Tesfay X. Guebre

_____          _____(SEAL)
                                                        Emebet Fikru

DISTRICT OF COLUMBIA    ) ss:

I, _____, a Notary Public in and for the District of Columbia, do hereby certify that Tesfay X. Guebre and Emebet Fikru parties to a certain Deed of Trust bearing date on the ___ day of _____, 2001 and hereto annexed, personally appeared before me in said District, the said being personally well known to me as (or proved by the oath of credible witnesses to be) the person who executed the said Deed of Trust and acknowledged the same to be his act and deed.    WITNESS my hand and official seal this ___ day of _____, 2001.

                                                _____
                                                Notary Public

My Commission Expires:

_____