IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMEBET FIKRU | ) | |
| TESFAY X. GUEBRE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number: 1:05CV01162 JR |
| | ) | |
| HOUSHANG H. MOMENIAN | ) | |
| VIDA MOMENIAN | ) | |
| PAUL F. INTERDONATO | ) | |
| AMELIA T. INTERDONATO | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER BY INTERDONATO DEFENDANTS

COME NOW defendants, Paul F. Interdonato and Amelia T. Interdonato, ("Interdonato defendants"), and respond to the Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.  Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 1.

2.  Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 2.

3.  Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 3.

### BACKGROUND FACTS

4.  Interdonato defendants are without knowledge sufficient to admit or deny the

allegations of paragraph 4.

5. Interdonato defendants admit the allegations of paragraph 5.

6. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 6.

7. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 7.

8. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 8.

9. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 9.

10. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 10.

11. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 11.

12. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 12.

13. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 13.

14. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 14.

15. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 15.

16. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 16.

17. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of part (i) and (iii), but admit part (ii) of paragraph 17 that there was a pay off of the second lien in the amount of $29,999.00.

18. Interdonato defendants admit the allegations of paragraph 18.

19. Interdonato defendants admit that there was a note, deny that Paul Interdonato was trustee and are without knowledge to admit or deny the remaining allegations of paragraph 19 including the timing of the deed and note.

20. Interdonato defendants deny the allegations of paragraph 20.

21. Interdonato defendants deny the allegations of paragraph 21.

22. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 22.

23. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 23.

24. Interdonato defendants admit the allegations of paragraph 24.

25. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 25.

26. Interdonato defendants deny the allegations of paragraph 26.

27. Interdonato defendants deny the allegations of paragraph 27.

28. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 28.

29. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 29.

30. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 30.

31. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 31.

32. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 32.

33. Interdonato defendants deny the allegations of paragraph 33.

34. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 34.

35. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 35.

36. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 36.

37. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 37.

38. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 38.

39. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 39.

40. Interdonato defendants are without knowledge sufficient to admit or deny the

allegations of paragraph 40.

41. Interdonato defendants are without knowledge sufficient to admit or deny the alleged contacts between Plaintiffs and defendant Momenians, and deny that the note was illegal, invalid or unenforceable as stated in paragraph 41.

42. Interdonato defendants deny the allegations of paragraph 42.

43. Interdonato defendants deny the allegations of paragraph 43.

44. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 44.

45. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 45.

46. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 46.

47. Interdonato defendants deny the allegations of paragraph 47.

48. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 48.

### FIRST COUNT
### All Defendants
### Declaratory Relief to Clear Title to the 531 Property

49. Interdonato Defendants note that paragraph 49 incorporates the allegations in paragraphs 1 - 48 and they rely on their responses already provided.

50. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 50.

51. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 51.

52. Interdonato defendants deny the allegations of paragraph 52.

53. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 53.

54. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 54.

55. Interdonato defendants deny the allegations of paragraph 55.

**SECOND COUNT**
**All Defendants**
**Monetary Relief for Slander of Title**

56. Interdonato Defendants note that paragraph 56 incorporates the allegations in paragraphs 1 - 48 and 50 - 55 and they rely on their responses already provided.

57. Interdonato defendants deny the allegations of paragraph 57.

58. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 58.

59. Interdonato defendants deny the allegations of paragraph 59.

60. Interdonato defendants deny the allegations of paragraph 60.

61. Interdonato defendants deny the allegations of paragraph 61.

**THIRD COUNT**
**All Defendants**
**Monetary Relief for Trespass**

62. Interdonato Defendants note that paragraph 62 incorporates the allegations in

paragraphs 1 - 48, 50 - 55 and 57 - 61, and they rely on their responses already provided.

63. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 63.

64. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 64.

65. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 65.

66. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 66.

67. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 67.

68. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 68.

69. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 69.

70. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 70.

### FOURTH COUNT
**Interdonato Defendants**
**Monetary and Equitable Relief as to Note**

71. Interdonato Defendants note that paragraph 71 incorporates the allegations in paragraphs 1 - 48, 50 - 55, 57 - 61 and 63 - 70, and they rely on their responses already

provided.

72. Interdonato defendants deny the allegations of paragraph 72.

73. Interdonato defendants deny the allegations of paragraph 73.

74. Interdonato defendants deny the allegations of paragraph 74.

75. Interdonato defendants deny the allegations of paragraph 75.

76. Interdonato defendants deny the allegations of paragraph 76.

### FIFTH COUNT
### Momenian Defendants
### Indemnification of Amounts Paid to Release Deed and Note

77. Interdonato Defendants note that paragraph 77 incorporates the allegations in paragraphs 1 - 48, 50 - 55, 57 - 61, 63 - 70 and 72 - 76, and they rely on their responses already provided.

78. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 78.

79. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 79.

80. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 80.

81. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 81.

82. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 82.

## SIXTH COUNT
### Momenian Defendants
### Monetary and Equitable Relief fo Unjust Enrichment

83. Interdonato Defendants note that paragraph 83 incorporates the allegations in paragraphs 1 - 48, 50 - 55, 57 - 61, 63 - 72, 73 - 76 and 78 - 82, and they rely on their responses already provided.

84. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 84.

85. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 85.

86. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 86.

87. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 87.

88. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 88.

89. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 89.

90. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 90.

91. Interdonato defendants are without knowledge sufficient to admit or deny the

allegations of paragraph 91.

92. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 92.

93. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 93.

94. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 94.

95. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 95.

96. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 96.

97. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 97.

98. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 98.

99. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 99.

100. Interdonato defendants are without knowledge sufficient to admit or deny the allegations of paragraph 100.

WHEREFORE, Interdonato Defendants deny any liability to these Plaintiffs in any amount.

# AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The claim is barred by the equitable doctrine of laches

3. The claim is barred by the applicable statute of limitations

4. The claim is barred by the statute of frauds

5. The claim is barred by the doctrine of accord and satisfaction

6. Any actions taken by Interdonato Defendants were at the request of the Plaintiffs or for fair and proper consideration in a commercial transaction.

7. Interdonato Defendants, at the request of Plaintiffs, subordinated a first trust position on a note enabling Plaintiffs to purchase 527, 529 and 531 8th Street, SE. As consideration, Interdonato Defendants received a second trust note in the amount of $100,000.00.

8. On or about June 19, 2002, when Plaintiffs sold 527 - 529 8th Street, they only paid $50,000.00 to the Interdonato Defendants to completely release a $100,000.00 lien plus accumulated interest. They earned over $200,000.00 in profit in a transaction involving an investment of approximately 10,654.50. (See Exhibit C, to complaint, HUD-1 form dated December 18, 1998.) This sale could not have occurred without the release.

9. Due to the rapidly increasing value of commercial property in the vicinity of 527, 529 and 531 8th Street, SE, near the proposed baseball stadium for the Washington, D.C. Nationals baseball team, these Plaintiffs will earn a substantial profit and will suffer no damages due to their ownership and possession of these properties.

10. Unknown to the Interdonato Defendants, Plaintiffs, as demonstrated by the allegations

of their complaint, committed a fraud against a federally insured financial institution in order to purchase the subject properties. Therefore, they come to this court seeking relief with unclean hands. They are not entitled to equitable relief.

Respectfully Submitted,
Paul and Amelia Interdonato
by Counsel

*Timothy J Battle*
Timothy J. Battle
Attorney at Law
D.C. Bar # 306092
524 King Street
P.O. Box 19631
Alexandria, VA 22314
(703) 836-1216 Telephone
(703) 549-3335 Facsimile

Anthony P. Interdonato
Attorney at Law
D.C. Bar # 191684
12604 Glen Road
Potomac, MD 20854
(301) 948-3993 Telephone
(301) 948-1669 Facsimile

## CERTIFICATE OF SERVICE

*I hereby certify* that a copy of the foregoing *Answer by Interdonato Defendants*, was sent by mail, first class postage pre-paid, this 19th day of July, 2005, to:

> Glen M. Young, Esquire
> D.C. Bar Number 355347
> The Young Law Firm
> P.O. Box 6251
> Washington, D.C. 20015-6251
> (202) 494-8082 Telephone
> (202) 318-2495 Facsimile
>
> Houshang H. Momenian
> Vida Momenian
> 24510 Burnt Hill Road
> Clarksburg, Md 20817

*Timothy J. Battle*
Timothy J. Battle

13