IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMEBET FIKRU et al., | ) | Case No. 1:05cv01162 |
| | ) | |
| Plaintiffs, | ) | Judge:  James Robertson |
| | ) | |
| Vs. | ) | Deck Type:  General Civil |
| | ) | |
| HOUSHANG H. MOMENIAN, et al. | ) | Date:  Initial Conf. August 17, 2005 |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HOUSHANG H. MOMENIAN, et al., | ) | Case No. 1:05cv01162 |
| | ) | |
| Counter-Plaintiffs, | ) | Judge:  James Robertson |
| | ) | |
| Vs. | ) | Deck Type:  General Civil |
| | ) | |
| EMEBET FIKRU et al., | ) | Date:  Initial Conf. August 17, 2005 |
| | ) | |
| Counter-Defendants. | ) | |

## REPLY TO COUNTERCLAIM

Plaintiffs and Counter-Defendants, Emebet Fikru and Tesfay X. Guebre, for their Reply to the Counterclaim asserted by Defendants and Counter-Plaintiffs aver as follows:

1. Counter-Defendants incorporate by this reference all of the allegations contained in their Complaint.

2. Counter-Defendants admit the allegations of Paragraphs 1, 2, 3 and 4 of the Counterclaim.

3. Counter-Defendants admit the allegations of Paragraph 5 of the Counterclaim, except that the agreement as modified and performed by the parties was for both the 527-29 Eighth Street property and the 531 Eighth Street property.

4. Counter-Defendants admit the allegations of Paragraph 6 of the Counterclaim.

5. Counter-Defendants deny the allegations of Paragraphs 7and 8 of the Counterclaim.

6. Counter-Defendants deny the allegations of Paragraph 9 of the Counterclaim, except they admit that a document was presented to them by Houshang Momenian at some time in December, and respectfully refer the Court to that document for its contents.

7. Counter-Defendants deny the allegations of Paragraphs 10 and 11 of the Counterclaim.

8. Without denying that Houshang Momenian together with his alter egos and "tenants" have occupied the 531 Eighth Street property as trespassers since on or about December 21, 1998, Counter-Defendants deny the allegations of Paragraph 12 of the Counterclaim.

9. Counter-Defendants deny the allegations of Paragraph 13 of the Counterclaim

10. Without denying that a purported Deed of Trust in favor of Defendant Amelia Interdonato was placed on both the 527-29 Eighth Street property and the 531 Eighth Street property at some time after December 21, 1998, Counter-Defendants deny the allegations of Paragraph 14 of the Counterclaim.

11.  Counter-Defendants deny, in part for lack of knowledge or information, the allegations of Paragraphs 15 of the Counterclaim.

12. Without denying that they have not conveyed the 531 Eighth Street property, Counter-Defendants deny the allegations of the first sentence of Paragraph 16 and deny the allegations of the second sentence of Paragraph 16, except they admit that the ABC license was to have been assigned by Counter-Plaintiff Vida Momenian.

13. Without denying that there were certain negotiations between counsel and that a purported contract was signed, which is void, voidable and/or unenforceable, Counter-Defendants deny the allegations of Paragraph 17 and 18 of the Counterclaim.

14. Without denying that a purported contract, which is void, voidable and/or unenforceable, is attached to the Counterclaim as Exhibit A, and respectfully referring the Court to that document for its contents, Counter-Defendants deny the allegations of Paragraph 19 of the Counterclaim.

15. Without denying that a purported contract, which is void, voidable and/or unenforceable, required Counter-Plaintiff Vida Momenian to effectuate the assignment of the ABC license, which she had not done despite being obligated to as part of the 1998 purchase of the assets of the business conducted at the 527-29 Eighth Street property, Counter-Defendants deny the allegations of Paragraph 20 of the Counterclaim.

16. Without denying that a purported contract, which is void, voidable and/or unenforceable, required Counter-Plaintiffs to evidence the 1998 sale of assets of the business conducted at the 527-29 Eighth Street property, which they had not done despite being obligated to, Counter-Defendants deny the allegations of Paragraph 21 of the Counterclaim.

17. Without denying the purported contract, which is void, voidable and/or unenforceable, and respectfully referring the Court to that document for its contents, Counter-Defendants deny the allegations of Paragraph 22, 23, 24 and 25 of the Counterclaim.

18. Without denying the purported contract and the purported deed of trust note and deed trust, attached as Exhibits B and C to the Counterclaim, all of which are void, voidable and/or unenforceable, and respectfully referring the Court to those document for their contents, Counter-Defendants deny the allegations of Paragraph 26, 27 and 28 of the Counterclaim.

19. Without denying that the 527-29 Eighth Street property was sold on or about June 19, 2002, Counter-Defendants deny the allegations of Paragraph 29 of the Counterclaim.

20. Counter-Defendants deny the allegations of Paragraphs 30 through and including 35 of the Counterclaim.

<u>Reply to Count I</u>

21. The foregoing Paragraphs 1 through and including 20 are incorporated as the reply to Paragraph 36 of the Counterclaim.

22. Counter-Defendants deny the allegations of Paragraphs 37 through and including 43 of the Counterclaim.

<u>Reply to Count II</u>

23. The foregoing Paragraphs 1 through and including 22 are incorporated as the reply to Paragraph 44 of the Counterclaim.

24. Counter-Defendants deny the allegations of Paragraphs 45, 46 and 47 of the Counterclaim.

25. Without denying the purported contract, which is void, voidable and/or unenforceable, and respectfully referring the Court to that document for its contents, Counter-Defendants deny the allegations of Paragraph 48 of the Counterclaim.

26. Counter-Defendants deny the allegations of Paragraphs 49 and 50 of the Counterclaim.

<u>Reply to Count III</u>

27. The foregoing Paragraphs 1 through and including 26 are incorporated as the reply to Paragraph 51 of the Counterclaim.

28. Counter-Defendants deny the allegations of Paragraphs 52 through and including 55 of the Counterclaim.

29. Without denying the purported contract, which is void, voidable and/or unenforceable, and respectfully referring the Court to that document for its contents, Counter-Defendants deny the allegations of Paragraph 56 of the Counterclaim.

30. Counter-Defendants deny the allegations of Paragraphs 57 and 58 of the Counterclaim.

<u>Reply to Count IV</u>

31. The foregoing Paragraphs 1 through and including 30 are incorporated as the reply to Paragraph 59 of the Counterclaim.

32. Without denying the purported contract and the purported deed of trust note and deed trust, attached as Exhibits B and C to the Counterclaim, all of which are void, voidable and/or unenforceable, and respectfully referring the Court to those document for their contents, Counter-Defendants deny the allegations of Paragraphs 60 through and including 68 of the Counterclaim.

<u>Reply to Count V</u>

33. The foregoing Paragraphs 1 through and including 32 are incorporated as the reply to Paragraph 69 of the Counterclaim.

34. Without denying the purported contract and the purported lease, attached as Exhibit D to the Counterclaim, both of which are void, voidable and/or unenforceable, and respectfully referring the Court to those document for their contents, Counter-Defendants deny the allegations of Paragraphs 70 through and including 73 of the Counterclaim.

35. Counter-Defendants admit the allegations of Paragraphs 74 and 75 of the Counterclaim.

36. Counter-Defendants deny the allegations of Paragraph 76 of the Counterclaim.

<u>Reply to Count VI</u>

37. The foregoing Paragraphs 1 through and including 36 are incorporated as the reply to Paragraph 77 of the Counterclaim.

38. Counter-Defendants admit the allegations of Paragraphs 78 of the Counterclaim, except they deny that there was any effective promise to convey the 531 Eighth Street property to the Counter-Plaintiffs free and clear of liens and encumbrances.

39. Counter-Defendants deny the allegations of Paragraphs 79, 80 and 81 of the Counterclaim.

40. Counter-Defendants admit the allegations of Paragraphs 82 of the Counterclaim, except they deny that they did not pay the Counter-Plaintiffs for the 531 Eighth Street property on or about December 23, 1998.

41. Counter-Defendants admit the allegations of Paragraphs 83 of the Counterclaim, except they deny that they have been unjustly enriched.

42. Counter-Defendants deny the allegations of Paragraphs 84 of the Counterclaim.


### Reply to Count VI

43. The foregoing Paragraphs 1 through and including 42 are incorporated as the reply to Paragraph 85 of the Counterclaim.

44. Counter-Defendants deny the allegations of Paragraphs 86 through and including 90 of the Counterclaim.


### Affirmative Defenses

45. The alleged, purported documents relied on by Counter-Plaintiffs, including Exhibits A, B, C and D to the Counterclaim, are void, voidable and/or unenforceable for the reasons set forth in and/or supported by the allegations of the Plaintiffs' Complaint.

46. The alleged, purported documents relied on by Counter-Plaintiffs, including Exhibits A, B, C and D to the Counterclaim, are unenforceable as a result of Counter-Plaintiffs' uncured material breaches thereof.

47. The alleged, purported documents relied on by Counter-Plaintiffs, including Exhibits A, B, C and D to the Counterclaim, are subject to cancellation and/or reformation and are for that reason unenforceable as written.

48. There was a failure of consideration for the alleged, purported documents relied on by Counter-Plaintiffs, including Exhibits A, B, C and D to the Counterclaim, and they are for that reason unenforceable.

49. The alleged, purported documents relied on by Counter-Plaintiffs, including Exhibits A, B, C and D to the Counterclaim, are unconscionable and/or inequitable and are for that reason unenforceable.

50. Counter-Plaintiffs are estopped from enforcing the alleged, purported documents relied on by Counter-Plaintiffs, including Exhibits A, B, C and D to the

Counterclaim, by the Warranty Deed they executed and delivered to Counter-Defendants on or about December 21, 1998.

51. Counter-Plaintiffs' inequitable conduct prevents them from pursuing any equitable relief.

WHEREFORE, having fully answered, Counter-Defendants pray that the Counterclaim be dismissed at Counter-Plaintiffs' costs.

Respectfully submitted,

/s/ Glenn M. Young
Glenn M. Young
(D.C. Bar #355347)
younglawfirm@comcast.net

The Young Law Firm
P.O. Box 6251
Washington, D.C.  20015-6251
Tel:  (202) 494-8082
Fax:  (202) 318-2495