IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EMEBET FIKRU and<br>TESFAY X. GUEBRE,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>HOUSHANG H. MOMENIAN,<br>VIDA MOMENIAN,<br>PAUL F. INTERDONATO, and<br>AMELIA T. INTERDONATO,<br><br>　　　　Defendants. | Case Number  1:05CV01162<br><br>Judge:　　　James Robertson<br><br>Deck Type:　General Civil |

## MOTION OF THE JOHN M. BOYLE TRUST TO INTERVENE

The John M. Boyle Inter Vivos Trust ("Intervenor"), by its attorneys, Duane Morris LLP, hereby moves for leave to intervene and for the right to fully participate in this proceeding, in order to protect its interests in the subject matter of the action, and in support thereof states as follows:

1. Intervenor is a trust established under the laws of the State of New York having an address c/o Raymond Chin, Trustee, 305 Broadway, Suite 305, New York, New York 10007.

2. On June 19, 2002, Intervenor purchased from Emebet Fikru and Tesfay Guebre ("Plaintiffs") the real property known as Lot 819, Square 903 together with certain existing improvements thereon having a street address at 527-529 8th Street, S. E., Washington, D. C. 20003 (the "Adjacent Property").

3.  At the time of the foregoing purchase of the Adjacent Property, upon information and belief, Plaintiffs held title to both the Adjacent Property and the real property known as Lot 820, Square 903 together with certain existing improvements thereon having a street address at 531 8th Street, S. E., Washington, D. C. 20003 (the "Subject Property") under the same warranty deed from Defendants Houshang H. Momenian and Vida Momenian (collectively, the "Momenian Defendants").

4.  On June 19, 2002, Plaintiffs and Intervenor entered into a Roof Maintenance Agreement recorded among the Land Records of the District of Columbia on June 25, 2002 as Instrument No. 2002074102, a copy of which is attached hereto as **Exhibit A** and made a part hereof by reference (the "Roof Maintenance Agreement"). Pursuant to the Roof Maintenance Agreement, Plaintiffs and Intervenor agreed to share equally the cost of the maintenance, repair or replacement of the historic peaked roof (the "Peaked Roof") shared by both the Subject Property and the Adjacent Property.

5.  In reliance upon the Roof Maintenance Agreement and with the prior knowledge and approval of Plaintiffs, Intervenor paid for replacement of the Peaked Roof as shown on the photograph attached as **Exhibit B** and made a part hereof by reference.

6.  The portion of the cost of replacement of the Peaked Roof, including necessary subsurface repairs, allocable to the Subject Property (50%) is approximately $4,724.00. Plaintiffs have been informed of such amount and it remains due and outstanding.

7.  At the time Intervenor purchased the Adjacent Property, the Subject Property had no separate water service line but, instead, was receiving water via the water service line located on the Adjacent Property. Intervenor, as a courtesy to purported tenant of the Momenian Defendants in possession of the first floor of the Subject Property, has provided water service to

the Subject Property on a temporary basis in return for an agreement by the purported tenant of the Momenian Defendants to timely reimburse Intervenor for one-half of all water bills received by Intervenor from the District of Columbia Water and Sewer Authority ("WASA"). The Momenian Defendants would not have been able to lease, nor would their purported tenant have been able to use, all or any portion of the Subject Property without Intervenor's provision of the water necessary for any occupancy thereof. Accordingly, from time to time after closing on the purchase of the Adjacent Property, Intervenor was reimbursed by the purported tenant of the Momenian Defendants for water service provided.

8. Intervenor is presently in receipt of a bill from WASA for water service in the amount of approximately $13,510.00. Intervenor is equitably entitled to reimbursement from the Momenian Defendants and/or their purported tenant for one-half of such bill (or approximately $6,755.00) for water service provided to them or for their benefit. A copy of such water bill is attached hereto as **Exhibit C** and made a part hereof by reference.

9. At the time of Intervenor's acquisition of the Adjacent Property, it was connected to the Subject Property via an operable (but closed) door on the second level. In connection with its renovation of the Adjacent Property, Intervenor was required by the District of Columbia Government to remove the foregoing door and to replace the pre-existing demising wall between the Adjacent Property and the Subject Property with a modern, fire-rated separation wall. The new demising wall directly and equally benefited both the Adjacent Property and the Subject Property. Accordingly, Intervenor is entitled to reimbursement in the amount of $1,519.00, representing one-half of the cost of such new demising wall.

10. At the time Intervenor purchased the Adjacent Property, the Subject Property had no separate electric service, but, instead, was receiving electric service via the electric service

line located on the Adjacent Property. Plaintiffs agreed to reduce the purchase price for the Adjacent Property by $20,000.00 on the condition that Intervenor pay a like amount for the cost to install separate electric service to the Subject Property. Intervenor paid a total of $24,896.00 for the installation of separate electric service to the Subject Property and is entitled to reimbursement in the amount of $4,896.00, representing the excess amount of such cost over the credit given by Plaintiffs to Intervenor toward the purchase price of the Subject Property.

11. In addition to the foregoing, Intervenor has performed certain exterior painting and cleaning of the Subject Property for which it is equitably entitled to reimbursement in the amount of $1,450.00.

12. On May 11, 2004, Intervenor entered into an Agreement of Purchase and Sale (the "Purchase Agreement") with Plaintiffs whereby Intervenor agreed to acquire, and Plaintiffs agreed to sell, the Subject Property at a purchase price (net of real estate brokerage commission) of $450,000.00. A copy of the Purchase Agreement is attached hereto as **Exhibit D** and made a part hereof by reference. The Purchase Agreement recites, inter alia, that Plaintiffs "are the owners" of the Subject Property (p. 1).

13. In order to secure its obligations under the Purchase Agreement, in May 2004, Intervenor deposited the sum of $20,000.00 in escrow with a third-party escrow agent, which amount remains on deposit as of the date hereof. A confirmation of such deposit from the escrow agent is attached hereto as **Exhibit E** and made a part hereof by reference. Intervenor has been deprived of the use and enjoyment of the aforesaid deposit for more than a year because claims on title to the Subject Property by the Momenian Defendants have prevented closing under the Purchase Agreement.

14. As is customary in commercial real estate purchase transactions, the Purchase Agreement grants Intervenor a 45-day study period (the "Study Period"). In view of the pending action brought by Plaintiffs to quiet title to the Subject Property, the aforesaid Study Period has been extended by mutual agreement of both Plaintiffs and Intervenor until 45 days after entry of the final order terminating this action. Accordingly, the Purchase Agreement remains in full force and effect without modification. In addition to the Study Period, Intervenor also has the option to withdraw from the Purchase Agreement if there is no cure of the title defect at issue in this case.

15. As a result of the claims on the subject Property made by the Defendants, closing under the Purchase Agreement has been delayed for more than one year, the cost of funds to finance the acquisition of the Subject Property continues to rise, and Intervenor has been deprived of the use and enjoyment of the Subject Property resulting in direct and material harm and loss.

16. Intervenor has learned of the pending action brought by Plaintiffs against defendants Houshang Momenian, Vida Momenian, Paul Interdonato and Amelia Interdonato (collectively, the "Defendants"), that the Defendants have answered Plaintiffs' complaint, and that this Court has ordered imminent mediation of the matter before a Court-appointed mediator.

17. In order to protect and enforce its interests, based on the foregoing, Intervenor seeks leave of this Court to intervene in the pending action as a matter of right pursuant to Fed. R. Civ. P. 24(a) on the basis that:

(i) Intervenor has a direct and material interest in the subject matter of this action, both as the contract vendee of the Subject Property and as a lien holder thereon.

(ii)　　Unless Intervenor is permitted to intervene and allowed to fully participate as a party in this proceeding, Intervenor's interest will be impaired or impeded by the pending action. Any determinations made by this Court or by the jury in this case could have a material adverse effect on Intervenor's ability to enforce the Purchase Agreement and/or to recover amounts owed to it as set forth above.

(iii)　　The existing parties to this action inadequately represent Intervenor's interest. Should the existing parties consent to any settlement or other disposition of this case that does not recognize the Purchase Agreement and/or Intervenor's lien rights, Intervenor would suffer immediate and irreparable harm.

(iv)　　It is Intervenor's understanding that the responsive pleadings of Defendants have only recently been filed, that the matter has only recently been set down for mediation, and that further proceedings herein have not yet taken place pending the results of such mediation. Hence, Intervenor's motion to intervene is timely filed and, if granted, will not unduly delay or prejudice the adjudication of the rights of the original parties

18.　　In the alternative, based on the foregoing, Intervenor respectfully seeks leave of this Court permissively to intervene pursuant to Fed. R. Civ. P. 24(b) on the basis that Intervenor's claim and the pending action have a question of law or fact in common.

19.　　Pursuant to Federal Rule of Civil Procedure 24(c), a motion to intervene shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Accompanying this Motion is Intervenor's Complaint for Legal and Equitable Relief.

**WHEREFORE,** Intervenor respectfully requests the Court to grant Intervenor leave to intervene, either of right or permissively, in this action with the right to fully participate as a party herein, including in the pending mediation.

    Respectfully submitted,

    DUANE MORRIS LLP


    /s/ Christopher W. Mahoney
    Christopher W. Mahoney (D. C. Bar No. 394416)
    John H. C. Barron, Jr. (D.C. Bar No. 42374)
    1667 K Street, N.W., Suite 700
    Washington, D. C. 20006
    Telephone: (202) 776-7800
    Facsimile: (202) 776-7801

    Counsel for Intervenor


Dated this 19th day of October, 2005

## CERTIFICATE OF SERVICE

I, Christopher W. Mahoney, hereby certify that a true copy of the foregoing Motion of The John M. Boyle Inter Vivos Trust to Intervene, together with a Memorandum of Points and Authorities in support thereof and Intervenor's Complaint for Legal and Equitable Relief, has been served electronically on this 19th day of October, 2005 on the following counsel for all existing parties:

>Glenn M. Young, Esq.
>The Young Law Firm
>P. O. Box 6251
>Washington, D. C. 20015-6251
>
>Richard T. Rossier
>Marc E. Miller
>Alex Menendez
>McLeod, Watkinson & Miller
>One Massachusetts Avenue, N.W., Suite 800
>Washington, D. C. 20001
>
>Timothy J. Battle
>524 King Street
>P. O. Box 19631
>Alexandria, Virginia 22314
>
>Anthony P. Interdonato
>12604 Glen Road
>Potomac, Maryland 20854

>_/s/ Christopher W. Mahoney_
>Christopher W. Mahoney