IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMEBET FIKRU and<br>TESFAY X. GUEBRE,<br><br>Plaintiffs,<br><br>vs.<br><br>HOUSHANG H. MOMENIAN,<br>VIDA MOMENIAN,<br>PAUL F. INTERDONATO, and<br>AMELIA T. INTERDONATO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number 1:05CV01162<br><br>Judge:      James Robertson<br><br>Deck Type:  General Civil |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF THE JOHN M. BOYLE TRUST TO INTERVENE**

The John M. Boyle Inter Vivos Trust ("Intervenor"), by and through its attorneys, Duane Morris LLP, respectfully submits this Memorandum in support of its foregoing motion pursuant to Fed. R. Civ. P. 24(a)(2) for an Order allowing it to intervene of right in this action or, in the alternative, for leave permissively to intervene pursuant to Fed. R. Civ. R. 24(b).

**INTRODUCTION**

Intervenor seeks to intervene in this proceeding in order (i) to support Plaintiffs' request for a declaratory judgment that Plaintiffs have good, valid and enforceable, fee-simple title to the subject real property, (ii) to seek a declaratory judgment that the agreement entered into between Plaintiffs and Intervenor for the purchase and sale of the subject real property is valid and enforceable according to its terms, and (iii) to seek just and equitable reimbursement for certain expenditures made for the benefit of the subject real property and/or certain of the Defendants.

## **FACTUAL BACKGROUND**

Set forth below is a brief summary of certain facts relating to Intervenor's Motion to Intervene. For a more complete recitation of the underlying facts, reference is respectfully made to said Motion.

Intervenor purchased from Plaintiffs certain real property located in the District of Columbia (the "Adjacent Property"). At the time of such acquisition, Plaintiffs owned, and continue to own, the adjoining real property (the "Subject Property"). Following acquisition of the Adjacent Property, Plaintiffs and Intervenor entered into an agreement to share equally the cost of the maintenance, repair or replacement of the common historic peaked roof shared by both properties. In reliance upon such agreement, and with the prior knowledge and approval of Plaintiffs, Intervenor paid for replacement of the common roof, including necessary subsurface repairs and the portion of such cost allocable to the Subject Property is approximately $4,724.00. Plaintiffs have been informed of such amount and it remains due and outstanding.

The Subject Property had no separate water service line and receives water from the Adjacent Property. Intervenor has provided water service to the Subject Property on a temporary basis in return for timely reimbursement of an equitable portion of all water bills. Intervenor is presently in receipt of a bill for which Intervenor is equitably entitled to reimbursement from certain of the Defendants in the amount of approximately $6,755.00.

In connection with its renovation of the Adjacent Property, Intervenor was required by the District of Columbia Government to remove the prior interconnection with the Subject Property and to replace the pre-existing demising wall between the two properties with a new fire-rated separation wall benefiting both properties and in connection therewith Intervenor is equitably entitled to reimbursement of $1,519.00.

As a result of the separation of the Adjacent Property and the Subject Property, the District Government required that separate electrical service be installed in the Subject Property. Plaintiffs agreed to reduce the purchase price paid by Intervenor for the Adjacent Property by $20,000.00 if Intervenor would expend a like amount on installation of a separate electric service for the Subject Property. The actual cost incurred by Intervenor for such separate electric service was $24,896.00 and Intervenor is equitably entitled to reimbursement for $4,896.00 of such amount.

In addition, Intervenor has performed certain exterior painting and cleaning of the Subject Property for which it is equitably entitled to reimbursement in the amount of $1,450.00.

Intervenor entered into an Agreement of Purchase and Sale (the "Purchase Agreement") with Plaintiffs whereby Intervenor agreed to acquire, and Plaintiffs agreed to sell, the Subject Property at a purchase price (net of real estate brokerage commission) of $450,000.00. The Purchase Agreement remains in full force and effect and Intervenor has posted a $20,000.00 deposit in escrow to secure its obligations thereunder.

As a result of the claims on the Subject Property made by the Defendants, closing under the Purchase Agreement has been delayed for more than one year, the cost of funds to finance the acquisition of the Subject Property continues to rise, and Intervenor has been deprived of the use and enjoyment of the Subject Property resulting in direct and material harm and loss.

Intervenor has learned of the pending action brought by Plaintiffs against the Defendants, that the Defendants have answered Plaintiffs' complaint, and that this Court has ordered imminent mediation of the matter before a Court-appointed mediator.

In order to protect and enforce its interests, based on the foregoing, Intervenor seeks leave of this Court to intervene in the pending action as a matter of right pursuant to Fed. R. Civ. P. 24(a) or, in the alternative to intervene pursuant to Fed. R. Civ. P. 24(b).

## ARGUMENT

Fed R. Civ. P. 24 sets forth the applicable standards for intervention in a pending proceeding, in pertinent part, as follows:

> (a)   INTERVENTION OF RIGHT.  Upon timely application anyone shall be permitted to intervene in an action: . . .
>
> (2)   when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.
>
> (b)   PERMISSIVE INTERVENTION.   Upon timely application anyone may be permitted to intervene in an action: . . .
>
> (2)   when an applicant's claim or defense and the main action have a question of law or fact in common.

For the reasons set forth below, Intervenor plainly satisfies the requirements of subparagraphs (a) and (b) of Rule 24, as well as applicable case law, for intervention of right or, in the alternative, for permissive intervention.

For purposes of a motion to intervene, the court ordinarily accepts the proposed intervenor's motion and pleadings as true.  *See* Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-820 (9th Cir. 2001); Foster v. Gueory, 655 F.2d 1319, 1324 (D.C. Cir. 1981).

4

A.   **Intervenor is Entitled to Intervene as of Right**

The chief focus of Rule 24(a) is on the applicant for intervention and considerations regarding prejudice to the original parties are not incorporated into the Rule 24(a) criteria. *Moore's Federal Practice* 3d § 24.03[1][c]. The court should not resolve an application for intervention by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face. *See, e.g.*, Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. S.D. 1999).

1.   **Intervenor has an interest in the subject matter of the pending litigation.**

Intervenor is the contract vendee of the Subject Property and a significant lien holder thereon. As such, Intervenor has a direct, substantial and legally protectable interest in the Subject Property that entitles it to intervene herein. *See, e.g.*, N.L. Indus., Inc. v. Secretary of the Interior, 777 F.2d 433, 435 (9th Cir. 1985) (corporate property owner that held unpatented mining claim on particular property entitled to intervene in dispute over mining claims on that property). In this regard, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967).

As demonstrated in Intervenor's Complaint, Intervenor clearly has standing and, thus, is entitled to participate on equal footing with the original parties to this action. *See, e.g.*, Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732-734 (D.C. Cir. 2003).

**2.    Disposition of this action will impair or impede Intervenor's ability to protect its interest.**

Unless Intervenor is permitted to intervene and allowed to fully participate as a party in this adversary proceeding, Intervenor's interest will be impaired or impeded by the pending action. The "impair or impede" requirement mandates a showing that the interest holder be injured in a practical sense. Moore's, *supra*, § 24.03[3][a]. The determination of this case could, as a practical matter, nullify the Purchase Agreement, reduce or eliminate Intervenor's claims for equitable reimbursement for benefits made to the Subject Property, and/or negate Intervenor's liens against the Subject Property. Possible harm to a property interest is recognized as satisfying the "impair or impede" requirement. N.L. Indus., Inc. v. Secretary of the Interior, *supra* (mining company with conflicting mining claim may intervene in action brought by competing mining firm against United States).

**3.    Intervenor's Interest is Not Adequately Represented by the Existing Parties.**

In order to fulfill this requirement for intervention, an applicant need not show that the representation by existing parties will be, for certain, inadequate. Rather, the Supreme Court has stated that "the Rule is satisfied if the applicant shows that the representation of his [or her] interest 'may be' inadequate" and the applicant's burden on this matter should be viewed as "minimal". Trbovich v. United Mine Workers, 404 U.S. 528, 538 (1972). The D. C. Circuit has ruled that an applicant's burden in this regard is "not onerous". Fund for Animals, Inc. v. Norton, *supra*, 322 F.3d at 735.

In this matter, there is no doubt that the existing parties to this action may not adequately represent Intervenor's interest. Should, for example, the existing parties consent to any settlement or other disposition of this case that does not recognize the Purchase Agreement

and/or Intervenor's lien rights, Intervenor would suffer immediate and irreparable harm without the opportunity to be heard on the matter. *See, e.g.,* Deutsche Fin. Servs. Corp. v. Schwartz Homes, Inc., 187 F.R.D. 542 (N.D. Ohio 1999) (manufactured home buyers and their secured creditor entitled to intervene of right in replevin suit by seller's secured creditor against seller; the buyers and their creditor disputed validity of claim to security interest by seller's creditor, their interests could be diminished or practically disadvantaged if not permitted to intervene, and no other party could represent their interests since priority of claims was at issue).

4. **Intervenor's motion to intervene is timely.**

Both Fed. R. Civ. P. 24(a) and (b) require that any application to intervene, whether as of right or permissively, must be timely. It is Intervenor's understanding that the responsive pleadings of Defendants have only recently been filed, that the matter has only recently been scheduled for mediation commencing on November 1, 2005, and that further proceedings herein have not yet taken place pending the results of such mediation. Hence, Intervenor's motion to intervene is timely filed and, if granted, will not unduly delay or prejudice the adjudication of the rights of the original parties. *See, e.g.,* Michaels Stores v. Castle Ridge Plaza Assocs, 6 F. Supp. 2d 360 (D.N.J. 1998) (intervention by shopping center tenant in action by assignee of another tenant's lease, in which assignee sought declaration that it could operate an arts and crafts store under the lease, was timely; action was only three months old and in its preliminary stages, so that original parties would not suffer any prejudice).

Plaintiffs seek, inter alia, to quiet title to the Subject Property and seek a determination that they are the lawful owners of the Subject Property, as a practical matter, so that they may fulfill their obligations to sell the Subject Property to Intervenor under the Purchase Agreement. The disposition of Plaintiff's action will clearly affect Intervenor's interests under the Purchase

7

Agreement and/or with respect to its liens on the Subject Property. In such circumstances, Intervenor has a right to intervene in these proceedings. *See., e.g.*, California, ex rel. State Lands Com'n v. United States, 805 F.2d 857 (9th Cir. 1986) (grant of intervention to Sierra Club and Natural Resources Defense Council in quiet title action by California against United States claiming title to land exposed by recession of lake), *cert. den.*, 484 U.S. 816 (1997).

**B.    In the alternative, Intervenor should be allowed to intervene permissively based on a common question of law or fact**

In the alternative, based on the foregoing, Intervenor respectfully seeks leave of this Court permissively to intervene pursuant to Fed. R. Civ. P. 24(b) on the basis that (i) Intervenor's claim and the pending action have a question of law or fact in common, (ii) Intervenor's motion is timely, and (iii) this Court has an independent basis for jurisdiction over Intervenor's claims. *See, e.g.*, Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995) (intervention allowed in declaratory judgment action).

While intervention pursuant to Fed. R. Civ. P. 24(b) is discretionary with the Court, considerations of equity and judicial economy support permissive intervention by Intervenor in this proceeding. Thus, "[i]n essence, considerations of trial convenience dominate the question of whether to allow permissive intervention." *Moore's*, supra, § 24.10[1]. Here, intervention will inconvenience no one.

**WHEREFORE,** Intervenor respectfully requests this Court to enter an Order granting Intervenor leave to intervene, either of right or permissively, in this action with the right to fully participate as a party herein, including in the pending mediation.

Respectfully submitted,

DUANE MORRIS LLP


/s/ Christopher W. Mahoney
Christopher W. Mahoney (D. C. Bar No. 394416)
John H. C. Barron, Jr. (D.C. Bar No. 42374)
1667 K Street, N.W., Suite 700
Washington, D. C. 20006
Telephone: (202) 776-7800
Facsimile: (202) 776-7801

Counsel for Intervenor


Dated this 19th day of October, 2005