# Exhibit D

## AGREEMENT OF PURCHASE AND SALE

THIS AGREEMENT OF PURCHASE AND SALE (this "Agreement") is made and entered into as of the 11th day of May, 2004 by and between **THE JOHN M BOYLE INTER VIVOS TRUST** ("Purchaser"), having an address c/o Raymond Chin, 305 Broadway, Suite 305, New York, New York 10007, and **EMEBET FIKRU** and **TESFAY GUEBRE**, husband and wife (collectively, "Sellers"), having an address at 1835 N. Culpeper Street, Arlington, Virginia 22207.

### WITNESSETH:

**WHEREAS**, Sellers are the owners of certain real property located in the District of Columbia known as 531 8th Street, S. E., Washington, D.C. located in Square 903, Lot 820 situated on approximately 1,996 square feet of land together with improvements thereon consisting of a two-story building (the "Property"); and

**WHEREAS**, Purchaser desires to purchase, and Sellers desire to sell, the Property on the terms and conditions hereinafter set forth.

**NOW, THEREFORE**, in consideration of Ten Dollars ($10.00) in hand paid and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties do hereby agree as follows:

1. **Purchase Price.** Sellers do hereby agree to sell, and Purchaser does hereby agree to purchase, the Property at a total purchase price (the "Purchase Price") of Four Hundred Fifty Thousand Dollars ($450,000.00).

2. **Deposit.** Within three (3) business days after receipt by Purchaser of a fully executed original of this Agreement, Purchaser agrees to deliver a deposit in the amount of Twenty Thousand Dollars ($20,000.00) (the "Deposit") in the form of a good check to Tri-State Commercial Closings, Inc. (hereinafter referred to as the "Escrow Agent" or the "Title Company") to be cashed by the Escrow Agent and held in escrow as part payment of the Purchase Price.

3. **Payment of Purchase Price.** Purchaser agrees to pay the full amount of the Purchase Price in cash on the date of conveyance, of which sum the aforesaid Deposit, together with any interest accrued thereon, shall be a part, subject to the terms and conditions hereof.

4. **Study Period.** Purchaser shall have a period of forty-five (45) days (the "Study Period") after receipt of a fully executed original of this Agreement in which to conduct such tests, inspections and studies in connection with the Property as Purchaser, in its sole discretion and at its sole cost and expense, may elect to undertake. Sellers shall grant Purchaser full access to the Property during normal business hours for the purpose of conducting, or causing Purchaser's agents or contractors to conduct, such tests, inspections and studies. In the event Purchaser, for any reason or for no reason, elects, in its sole discretion, not to proceed with the purchase of the Property and gives written notice to Sellers prior to expiration of the Study

Period of its election to terminate this Agreement, then effective as of the date of such notice this Agreement shall automatically cease and terminate, whereupon the Deposit shall promptly be refunded to Purchaser and neither party shall have any further rights or liabilities hereunder.

5. **Assignment.** Purchaser shall have the right to assign this contract, whereupon the assignee shall for all purposes be deemed to be Purchaser herein.

6. **Title.** Title is to be good of record and in fact and merchantable and shall be subject to (i) covenants, conditions and restrictions of record (ii) such other title exceptions, easements, encroachments or encumbrances as may be acceptable to Purchaser in Purchaser's sole discretion. Title shall be free and clear of all recorded or unrecorded leases, unless Purchaser expressly agrees in writing prior to closing to assume any such lease. Within ten (10) days after the date of Sellers' acceptance of this Agreement, Sellers agree to deliver, or cause to be delivered, to Purchaser a copy of the existing lease with Eighth Street Pizza, Inc. so that Purchaser may review the same and make a determination during the Study Period whether or not to take title to the Property subject to such lease.

7. **Costs.** The Property is to be conveyed in the name of Purchaser and/or assigns and Purchaser hereby agrees to pay the Title Company all charges, tax certificates, covenanting, notary fees, survey costs, and all recording charges, including those for any purchase money deed of trust. If upon examination the title to the Property there are title defects or other title matters to which Purchaser objects (collectively, "Title Defects"), then unless Sellers, at Sellers' sole cost and expense, cure such Title Defects within thirty (30) days after written notice thereof from Purchaser, then Purchaser shall have the right, at his sole option, to either: (i) terminate this Agreement effective immediately upon written notice to Sellers, whereupon this Agreement shall automatically cease and terminate, the Deposit shall promptly be refunded to Purchaser and neither party shall have any further rights or liabilities hereunder or (ii) proceed to closing and take title to the property subject to such Title Defects. District of Columbia transfer and deed recordation taxes shall be paid one-half by Sellers and one-half by Purchaser. Sellers shall have no responsibility for payment of any costs associated with Purchaser's mortgage financing.

8. **Settlement.** Within ninety (90) days from the date of acceptance hereof by Sellers, Sellers and Purchaser are required and agree to make full settlement in accordance with the terms hereof. If Purchaser shall fail to make settlement in accordance with the terms hereof, the Deposit together with any interest accrued thereon shall be forfeited to Sellers as agreed and liquidated damages, whereupon both parties shall be relieved from any further liability or obligation hereunder. If Sellers shall fail to make settlement in accordance with the terms hereof, Purchaser shall have all rights and remedies available at law or in equity, including, but not limited to, an action for specific performance and/or monetary damages.

Settlement is to be made at the office of the Title Company. Deposit with the Title Company of the Purchase Price, the deed of conveyance for execution and such other papers as are required of either party by the terms of this contract shall be considered good and sufficient tender of performance of the terms hereof. It is agreed that, if required, funds arising out of this transaction may be used at settlement to pay off any existing encumbrances.

9. **Deed of Conveyance.** Sellers agree to execute and deliver a good and sufficient special warranty deed for the Property in customary form.

10. **Risk of Loss.** The risk of loss or damage to the Property by fire or other casualty is assumed by Sellers until the executed deed of conveyance is recorded.

11. **Adjustments.** Rents, real estate taxes, water rent, insurance and interest on existing encumbrances, if any, and operating charges are to be adjusted to the date of the transfer. Real estate taxes are to be adjusted according to the most recent real property tax bill issued by the District of Columbia Office of Tax and Revenue, except that assessments for improvements completed prior to the date hereof, whether assessment therefore has been levied or not, shall be paid by Sellers or allowance made thereof at the time of transfer.

12. **Notices of Violations.** All notices of violations of municipal orders or requirements noted or issued by legal authority, or action in any court on account thereof against or affecting the Property at the time of settlement of this Agreement shall be complied with by Sellers and the Property conveyed free thereof. This provision shall survive the execution of any deed of conveyance.

13. **Possession.** Except as otherwise in this contract provided, Sellers agree to give exclusive possession and occupancy of the Property at time of settlement, and in the event Sellers shall fail so to do, Sellers shall thereafter become a tenant by sufferance of Purchaser and hereby waives all notices to quit, as provided by the laws effective in the jurisdiction in which said Property is located. In the event the Property is under lease to others, all leases or rental agreements shall be terminated prior to settlement, unless Purchaser, in Purchaser's sole discretion, elects in writing to assume such leases, in which event Sellers shall assign such assumed leases to Purchaser at settlement.

14. **No Broker.** Each party represents and warrants to the other that it is not represented by any finder, agent or consultant entitled to a commission, fee or other payment in connection with the conveyance of the Property. Each party agrees to indemnify and hold the other harmless from any and all costs, expenses, loss, damage or liability resulting from a breach by such party of the foregoing representation and warranty.

15. **Entire Agreement; Binding Agreement.** The principals to this contract mutually agree that it shall be binding upon them, their and each of their respective heirs, executors, administrators, successors and assigns; that the provisions hereof shall survive the execution and delivery of the deed aforesaid and shall not be merged therein; that this Agreement contains the final and entire agreement between the parties hereto, and neither they nor their agents shall be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained.

16. **Notices.** All notices that are required or permitted to be given hereunder shall be in writing addressed to each party at the address for such party set forth above, shall be sent via certified mail, return receipt requested, and shall be effective three (3) business days after the date of mailing. Refusal of delivery shall constitute delivery.

We, the undersigned, hereby ratify, accept and agree to the above Agreement and acknowledge it to be our contract.

**PURCHASER:**

THE JOHN M. BOYLE INTER VIVOS TRUST

By: _____
Raymond Chin, Trustee


**SELLERS:**

_____
EMEBET FIKRU


_____
TESFAY GUEBRE


Date of acceptance by Sellers: _____, 2004.

4

We, the undersigned, hereby ratify, accept and agree to the above Agreement and acknowledge it to be our contract.

**PURCHASER:**

THE JOHN M. BOYLE INTER VIVOS TRUST

By:_____
Raymond Chin, Trustee

**SELLERS:**

_____
EMEBET FIKRU

_____
TESFAY GUEBRE

Date of acceptance by Sellers: May 11, 2004, 2004.

4