IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JOHN M. BOYLE<br>INTER VIVOS TRUST<br>c/o Raymond Chin, Trustee<br>305 Broadway, Suite 305<br>New York, New York 10007<br><br>    Intervenor<br><br><br>EMEBET FIKRU and<br>TESFAY X. GUEBRE,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOUSHANG H. MOMENIAN,<br>VIDA MOMENIAN,<br>PAUL F. INTERDONATO, and<br>AMELIA T. INTERDONATO,<br><br>    Defendants. | Case Number 1:05CV01162<br><br>Judge:    James Robertson<br><br>Deck Type:    General Civil<br><br>JURY TRIAL DEMAND ENDORSED |

**COMPLAINT FOR LEGAL AND EQUITABLE RELIEF**

The John M. Boyle Inter Vivos Trust ("Intervenor") for its complaint against the Defendants, jointly and severally, avers:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this action pursuant to 28 U. S. C. § 1332 because Intervenor is a trust created under the laws of the State of New York, Plaintiff Emebet Fikru is a permanent resident alien domiciled in the Commonwealth of Virginia, Plaintiff Tesfay Guebre is a citizen of the Commonwealth of Virginia, and each of the Defendants is, upon information and belief, a citizen of, or a permanent resident alien domiciled in, the State of Maryland.

2.  Personal Jurisdiction over each Defendant is proper pursuant to Section 13-423 of the District of Columbia Code. Each of the Defendants claims a real estate interest in the property that is the subject of this action and also has other sufficient contacts with the District of Columbia to support such jurisdiction.

3.  Venue is proper pursuant to 28 U. S. C. § 1391(a) because the property that is the subject of this action is situated in the District of Columbia and a substantial part of the events giving rise to Intervenor's claims occurred in the District of Columbia.

## BACKGROUND FACTS

4.  On June 19, 2002, Intervenor purchased from Emebet Fikru and Tesfay Guebre ("Plaintiffs") the real property known as Lot 819, Square 903 together with certain existing improvements thereon having a street address at 527-529 8th Street, S. E., Washington, D. C. 20003 (the "Adjacent Property").

5.  At the time of the foregoing purchase of the Adjacent Property, upon information and belief, Plaintiffs held title to both the Adjacent Property and the real property know as Lot 820, Square 903 together with certain existing improvements thereon having a street address at 531 8th Street, S. E., Washington, D. C. 20003 (the "Subject Property") under the same warranty deed from Defendants Houshang H. Momenian and Vida Momenian (collectively, the "Momenian Defendants").

6.  On June 19, 2002, Plaintiffs and Intervenor entered into a Roof Maintenance Agreement recorded among the Land Records of the District of Columbia on June 25, 2002 as Instrument No. 2002074102, a copy of which is attached hereto as **Exhibit A** and made a part hereof by reference (the "Roof Maintenance Agreement"). Pursuant to the Roof Maintenance Agreement, Plaintiffs and Intervenor agreed to share equally the cost of the maintenance, repair

or replacement of the historic peaked roof (the "Peaked Roof") shared by both the Subject Property and the Adjacent Property.

7. In reliance upon the Roof Maintenance Agreement and with the prior knowledge and approval of Plaintiffs, Intervenor paid for replacement of the Peaked Roof as shown on the photograph attached as **Exhibit B** and made a part hereof by reference.

8. The portion of the cost of replacement of the Peaked Roof, including necessary subsurface repairs, allocable to the Subject Property (50%) is approximately $4,724.00. Plaintiffs have been informed of such amount and it remains due and outstanding.

9. At the time Intervenor purchased the Adjacent Property, the Subject Property had no separate water service line but, instead, was receiving water via the water service line located on the Adjacent Property. Intervenor, as a courtesy to the purported tenant of the Momenian Defendants in possession of the first floor of the Subject Property, has provided water service to the Subject Property on a temporary basis pursuant in return for an agreement by the purported tenant of the Momenian Defendants to timely reimburse Intervenor for one-half of all water bills received by Intervenor from the District of Columbia Water and Sewer Authority ("WASA"). The Momenian Defendants would not have been able to lease, nor would their purported tenant have been able to use, all or any portion of the Subject Property without Intervenor's provision of the water necessary for any occupancy thereof. Accordingly, from time to time after closing on the purchase of the Adjacent Property, Intervenor was reimbursed by the purported tenant of the Momenian Defendants for water service provided.

10. Intervenor is presently in receipt of a bill from WASA for water service in the total amount of approximately $13,510.00. Intervenor is equitably entitled to reimbursement from the Momenian Defendants and/or their purported tenant for one-half of such bill (or

approximately $6,755.00) for water service provided to them or for their benefit. A copy of such water bill is attached hereto as **Exhibit C** and made a part hereof by reference.

11. At the time of Intervenor's acquisition of the Adjacent Property, it was connected to the Subject Property via an operable (but closed) door on the second level. In connection with its renovation of the Adjacent Property, Intervenor was required by the District of Columbia Government to remove the foregoing door and to replace the pre-existing demising wall between the Adjacent Property and the Subject Property with a modern, fire-rated separation wall. The new demising wall directly and equally benefited both the Adjacent Property and the Subject Property. Accordingly, Intervenor is entitled to reimbursement in the amount of $1,519.00, representing one-half of the cost of such new demising wall.

12. At the time Intervenor purchased the Adjacent Property, the Subject Property had no separate electric service, but, instead, was receiving electric service via the electric service line located on the Adjacent Property. Plaintiffs agreed to reduce the purchase price for the Adjacent Property by $20,000.00 on the condition that Intervenor pay a like amount for the cost to install separate electric service to the Subject Property. Intervenor paid a total of $24,896.00 for the installation of separate electric service to the Subject Property and is entitled to reimbursement in the amount of $4,896.00, representing the excess amount of such cost over the credit given by Plaintiffs to Intervenor toward the purchase price of the Subject Property.

13. In addition to the foregoing, Intervenor has performed certain exterior painting and cleaning of the Subject Property for which it is equitably entitled to reimbursement in the amount of $1,450.00.

14. On May 11, 2004, Intervenor entered into an Agreement of Purchase and Sale (the "Purchase Agreement") with Plaintiffs whereby Intervenor agreed to acquire, and Plaintiffs

agreed to sell, the Subject Property at a purchase price (net of real estate brokerage commission) of $450,000.00. A copy of the Purchase Agreement is attached hereto as **Exhibit D** and made a part hereof by reference. The Purchase Agreement recites, inter alia, that Plaintiffs "are the owners" of the Subject Property (p. 1).

15. In order to secure its obligations under the Purchase Agreement, in May 2004, Intervenor deposited the sum of $20,000.00 in escrow with a third-party escrow agent, which amount remains on deposit as of the date hereof. A confirmation of such deposit from the escrow agent is attached hereto as **Exhibit E** and made a part hereof by reference. Intervenor has been deprived of the use and enjoyment of the aforesaid deposit for more than a year because claims on title to the Subject Property by the Momenian Defendants have prevented closing under the Purchase Agreement.

16. As is customary in commercial real estate purchase transactions, the Purchase Agreement grants Intervenor a 45-day study period (the "Study Period"). In view of the pending action brought by Plaintiffs to quiet title to the Subject Property, the aforesaid Study Period has been extended by mutual agreement of both Plaintiffs and Intervenor until 45 days after entry of the final order terminating this action. Accordingly, the Purchase Agreement remains in full force and effect without modification. In addition to the Study Period, Intervenor also has the option to withdraw from the Purchase Agreement if there is no cure of the title defect at issue in this case.

17. As a result of the claims on the Subject Property made by the Defendants, closing under the Purchase Agreement has been delayed for more than one year, the cost of funds to finance the acquisition of the Subject Property continues to rise, and Intervenor has been

deprived of the use and enjoyment of the Subject Property resulting in direct and material harm and loss.

### FIRST COUNT

[Against all Defendants and Seeking Declaratory Relief to Clear Title of the Subject Property]

18. Intervenor incorporates all of the allegations set forth in paragraphs 1-17 above.

19. Based on the foregoing, an actual controversy exists within the Court's jurisdiction as contemplated by 22 U.S.C. §2201 warranting issuance of a declaratory judgment to confirm Plaintiffs' good, valid and enforceable, fee-simple title to the Subject Property, free and clear of any liens or claims created by or through any of the Defendants, subject only to the liens filed by Intervenor.

20. Defendants' claims with respect to the Subject Property, as shown above, are ongoing and are continuing to inflict irreparable harm upon Intervenor as to which there exists no adequate remedy at law.

### SECOND COUNT

[Against all Defendants and Seeking Declaratory Relief that the Purchase Agreement is Valid and Enforceable]

21. Intervenor incorporates all of the allegations set forth in paragraphs 1-20 above.

22. Based on the foregoing, an actual controversy exists within the Court's jurisdiction as contemplated by 22 U.S.C. §2201 warranting issuance of a declaratory judgment to confirm that the Purchase Agreement entered into between Plaintiffs and Intervenor is valid and enforceable according to its terms and that, subject to the terms and conditions thereof, Intervenor has the right to acquire fee-simple title to the Subject Property free and clear of any liens of, or claims by or through, any of Defendants.

23. Defendants' claims with respect to the Subject Property, as shown above, are ongoing and are continuing to prevent Intervenor's acquisition of the Subject Property, thereby resulting in irreparable harm to Intervenor as to which there exists no adequate remedy at law.

### THIRD COUNT

[Against All Parties Determined to be Owners of the Subject Property for Quantum Meruit and/or Quantum Valebant]

24. Intervenor incorporates all of the allegations set forth in paragraphs 1-23 above.

25. Intervenor has expended to date the sum of approximately $12,589.00 for replacement of the Pitched Roof, installation of separate electric service (in excess of the credit received toward the purchase price for the Adjacent Property), construction of a new, fire-rated demising wall, and exterior cleaning and painting. All of the foregoing have directly and materially benefited the Subject Property. Intervenor is entitled to reimbursement for the fair and equitable value of such benefit conferred on the Subject Property. Based on the doctrine of quantum meruit and/or quantum valebant, Intervenor is entitled to reimbursement from the owners of the Subject Property in the present amount of at least $12,589.00, which amount is subject to increase in the event additional improvements are required to be provided by Intervenor for the benefit of the Subject Property.

### FOURTH COUNT

[Against the Momenian Defendants for Quantum Meruit and/or Quantum Valebant]

26. Intervenor incorporates all of the allegations set forth in paragraphs 1-25 above.

27. Intervenor has expended, and continues to expend, substantial sums for water service to the Subject Property which has materially benefited the Momenian Defendants who, upon information and belief, have had exclusive possession of the Subject Property directly or through their purported tenant. Intervenor is entitled to reimbursement for the fair and equitable

value of the benefit conferred upon the Momenian Defendants. Based on the doctrine of quantum meruit and/or quantum valebant, Intervenor is entitled to reimbursement from the Momenian Defendants in the present amount of at least $6755.00 for water service provided to the Subject Property, which amount is subject to increase for the fair and equitable value of water service provided to the Subject Property after such date.

**WHEREFORE,** Intervenor prays for the following relief:

As to the First Count against all Defendants, jointly and severally, a declaratory judgment that Plaintiffs have good, valid and enforceable, fee-simple title to the Subject Property, free and clear of any liens or claims created by or through any of the Defendants, subject only to the liens filed by Intervenor.

As to the Second Count against all Defendants, jointly and severally, a declaratory judgment that the Purchase Agreement entered into between Plaintiffs and Intervenor is valid and enforceable according to its terms and that, subject to the terms and conditions thereof, Intervenor has the right to acquire fee-simple title to the Subject Property free and clear of any liens of, or claims by or through, any of Defendants.

As to the Third Count against all parties determined to be benefited as owners of the Subject Property, a judgment or all amounts equitably due and owing to Intervenor for improvements made and/or amounts incurred by Intervenor for the benefit of the Subject Property.

As to the Fourth Count against the Momenian Defendants, a judgment for all amounts equitably due and owing to Intervenor for water service provided by Intervenor for the benefit of the Momenian Defendants and/or their purported tenant with respect to the Subject Property.

    Respectfully submitted,

    DUANE MORRIS LLP


    /s/ Christopher W. Mahoney
    Christopher W. Mahoney (D. C. Bar No. 394416)
    John H. C. Barron, Jr. (D.C. Bar No. 42374)
    1667 K Street, N.W., Suite 700
    Washington, D. C. 20006-1608
    Telephone: (202) 776-7800
    Facsimile: (202) 776-7801

    Counsel for Intervenor


Dated this 19th day of October, 2005

## ENDORSED JURY TRIAL DEMAND

Intervenor demands trial by jury of all claims herein so triable.

/s/ Christopher W. Mahoney
Christopher W. Mahoney
Counsel for Intervenor