## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EMEBET FIKRU and<br>TESFAY X. GUEBRE,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOUSHANG H. MOMENIAN,<br>VIDA MOMENIAN,<br>PAUL F. INTERDONATO, and<br>AMELIA T. INTERDONATO,<br><br>    Defendants. | Case Number   1:05CV01162<br><br>Judge:      James Robertson<br><br>Deck Type:   General Civil |

### JOHN M. BOYLE TRUST'S REPLY TO DEFENDANTS/COUNTER-PLAINTIFFS HOUSHANG AND VIDA MOMENIAN'S OPPOSITION TO MOTION TO INTERVENE OF APPLICANT JOHN BOYLE TRUST

The John M. Boyle Inter Vivos Trust ("Boyle"), applicant for intervention, by its attorneys, Duane Morris LLP, respectfully submits this reply to defendants/counter-plaintiffs Houshang and Vida Momenian's opposition to Boyle's pending motion pursuant to Fed. R. Civ. P. 24(a)(2) for an Order allowing it to intervene of right in this action or, in the alternative, for leave permissively to intervene pursuant to Fed. R. Civ. P. 24(b). The opposition of the Momenian Defendants runs counter to the essential judicial economies and purposes sought to be achieved by Fed. R. Civ. P. 24 in that they seek to segment the issues related to the affected real property into at least two separate judicial proceedings to suit their own ends, which would only serve to delay and hinder the adjudication of such issues. For the reasons set forth below, and in the motion papers previously filed with the Court, Boyle respectfully submits that its Motion to Intervene should be granted.

**ARGUMENT**

A.  **Boyle Is Entitled To Intervene As of Right**

Defendants assert that Boyle should not be allowed to intervene as of right pursuant to Fed. R. Civ. P. 24(a) because:  (1) Boyle "does not have an interest in the central issue of this case--ownership of the 531 Property as between the Momenians and the Fikrus," Opp. at 9; "[i]ntervention is not necessary to avoid impairment" of any such interest, *id*. at 10; (2) Boyle's interest is adequately represented by "the Fikrus' legal counsel," *id*. at 11; and (3) Boyle "will be able to seek equitable reimbursement for any expenditure made for the benefit of the 531 Property" in subsequent litigation.  *Id*.  Defendants are wrong on all counts.

1.  **Boyle Has Claimed the Requisite Interest Relating To the Property**

Defendants claim that Boyle "fails the substantial and legally protectable interest test" under Rule 24(a) because it does not have an interest in the legal issue regarding ownership of the 531 Property, but is merely an "interested observer[] with respect to that issue," who has "only a contingent interest that would come into play only if the Fikrus prevail on the central issue."  Opp. at 9-10.  Defendants' argument misreads both the plain text of Rule 24(a) and pertinent case law.

Rule 24(a) does not require that the applicant have an interest in a particular issue raised by the litigants; instead, Rule 24(a) requires that "the applicant claim[] an interest relating to the property or transaction which is the subject of the action. . . ."  Here, as a contract vendee of the 531 Property and a holder of liens on the 531 Property, Boyle "claims an interest relating to the property . . . which is the subject of the action," as required by the clear terms of Rule 24(a).

In *Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967), the D. C. Circuit expressly rejected "the narrow formulation that 'interest' means 'a specific legal or equitable interest in the chose.'"  Instead, the D.C. Circuit stated,

> We think a more instructive approach is to let our
> construction be guided by the policies behind the "interest"

> requirement. We know from the [then] recent amendments to the civil rules that in the intervention area the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. . . .

*Id. Accord Smuck v. Hobson,* 408 F.2d 175, 179 (D.C. Cir. 1969); *Reed v. Quigg*, 1986 U.S. Dist. LEXIS 25538, * 5 (D.D.C. May 13,1986).

Like the D.C. Circuit, other courts "subscribe to a rather expansive notion of the interest sufficient to invoke intervention of right" and "have . . . cited with approval decisions of other courts 'rejecting the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999). *See also Turn Key Gaming, Inc. v. Miller & Schroeder Investments Corp.*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor.").

Indeed, the D.C. Circuit has observed that an economic interest--and even more general interests--may suffice to support intervention of right. In *Smuck*, 408 F.2d at 175, the D.C. Circuit noted that the U.S. Supreme Court, in a "full-dress examination of Rule 24(a)," found that an applicant was entitled to intervention as of right although its only "interest" was "the economic harm it claimed would follow" from a legal proceeding. *Id*. at 179 (*citing Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-136 (1967)). The D.C. Circuit went even further and stated that "there is no apparent reason why an 'economic interest' should always be necessary to justify intervention. The goal of 'disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process' may in certain circumstances be met by allowing parents whose only 'interest' is the education of their children to intervene." *Id*.

Here, the case for intervention is even stronger. "An intervenor's interest is obvious when he asserts a claim to property that is the subject matter of the suit." *The Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (citation omitted). *See also Midwest Dental Products Corp. v. Kinetic Instruments, Inc.*, 1990 U.S. Dist. LEXIS 11487, * 7 (N.D. Ill. Jan. 24,

3

1990) ("the intervenor's interest in title . . . is a classic example of an interest appropriate to intervention. Property interests are a text-book example of the type of interest contemplated by the Rule."). Insofar as Boyle asserts an interest as purchaser of the 531 Property and as a holder of liens on that property, it has claimed the requisite interest in the subject matter of this action to support intervention as of right.

Recognizing this, defendants erect a straw man and assert that Boyle does not have an interest in the "central" legal issue being litigated by plaintiffs and defendants --ownership of the 531 Property as between those parties. But as the text of Rule 24(a) and applicable case law make clear, "[t]he interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is *related to the property that is the subject of the action.*" *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) (original emphasis). *See also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) ("There is no support for the . . .novel proposition that the intervenor's interest . . . [is] measured in relation to the particular issue before the court at the time of the motion and not in relation 'to the subject of the action,' as provided in Rule 24.").

In *Utah Assoc. of Counties*, 255 F.3d at 1246, applicants with a claimed interest in the continued existence of a national monument sought to intervene as of right in an action challenging the President's designation of the monument. Both the district court and plaintiffs asserted that the applicants did not meet the "interest" prong of Rule 24(a)(2) because the case was 'about the legality of the President's action in creating the monument," an issue in which the applicants could not show an interest. *Id*. at 1252. In finding that "[b]oth the district court and plaintiffs have simply misperceived the interest inquiry mandated by the rule," the Tenth Circuit observed that "[t]he property that is the subject of plaintiffs' lawsuit is the monument itself." *Id.* at 1251. Accordingly, the court concluded that the applicants satisfied the "interest" prong because they "claim[ed] an interest relating to the monument and its continued existence." *Id*. at 1252.

4

Similarly here, the "interest" of Boyle is not measured by the legal issue regarding ownership of the 531 Property as between plaintiffs and defendants, but rather by whether Boyle's claims relate to the 531 Property--the subject of the action-- which they obviously do. Even though the Court must ultimately resolve whether plaintiffs or defendants own the 531 Property, that "does not mean that . . . [Boyle] has no 'interest' in how that question is answered." *Nuesse*, 385 F.2d at 701.

Nor is there any merit to defendants' assertion that Boyle's "interest" is insufficient because it is "only a contingent interest that would come into play only if the Fikrus prevail on the central issue." Opp. at 9-10. Stated differently, defendants in effect argue that Boyle will have no interest in the 531 Property if defendants are adjudicated the owners. But this underscores the significance of Boyle's interest, not any remoteness. "The D.C. Circuit has . . . explained that the proposed intervenor's interest in the lawsuit cannot be any potential interest, but must be a legally protectable interest. . . . [T]his means that the proposed intervenor 'would suffer harm from an adverse decision on the merits.'" *DSMC, Inc. v.Convera Corp.*, 273 F. Supp. 2d 14, 25 (D.D.C. 2002). *See also* Opp. at 9 (an interest is "direct and concrete" when "the proposed intervenor 'would suffer harm from an adverse decision on the merits.'").

Although Boyle's legal interest in the 531 Property is contingent upon a legal finding that the Fikrus own the 531 Property, "this will not defeat intervention" because "intervention as of right can be based on an interest that is contingent on the outcome of the underlying litigation." *Midwest Dental Products Corp.*, 1990 U.S. Dist. LEXIS 11487, * 8 (citation omitted). Thus, this is not a case where the applicant's interest is insufficient because it is "contingent on intervening events" that may or may not occur outside of the litigation. Opp. at 9. Instead, Boyle's legal interest in the property is contingent on the outcome of the underlying litigation, which is sufficient to support intervention of right.

Indeed, the question of the *existence* of an interest is not separate from the question of *impairment*. *E.g., Utah Assoc. of Counties*, 255 F.3d at 1253 (noting that intervenor's interest in preserving monument would be significantly impaired by an adverse decision setting aside the

5

creation of the monument). Here, Boyle's legal interest in the 531 Property will be impaired by an adverse decision that defendants own the property. But that does not mean Boyle's interest is not direct and protectable. "If this is how [defendants] perceive[] 'contingent,' [they] ha[ve] misapplied the law." *Midwest Dental Products Corp.*, 1990 U.S. Dist. LEXIS 11487, * 8.

Similarly, defendants' reliance on cases involving indemnification agreements is misplaced. *See* Opp. at 11 & n.2. These cases have held that potential harm caused by an indemnification agreement does not justify intervention as of right. *See DSMC, Inc.*, 273 F. Supp. 2d at 25-26. There, the applicant's interest is not related to the subject matter of the lawsuit--as required by Rule 24(a)--but rather to coverage or indemnification obligations that may or may not arise in subsequent litigation. *See, e.g., The Travellers Indemnity Co. v Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (insurer's interest in the question of coverage "is not related to the subject matter of the action," which "involves the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy"); *Restor-a-Dent Dental Labs, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 875 (2d Cir. 1984) (insurer's interest is in the amount it may have to pay insured if insured does not prevail in lawsuit, and is not related to the subject matter of the lawsuit involving delivery of allegedly defective products).

Unlike the applicant in these indemnification cases, Boyle has claimed an interest in the property which is the subject of this action, and has not merely asserted an attenuated claim that is contingent upon events that may or may not occur outside of this litigation. Defendants' indemnification cases are, therefore, inapposite.

Finally, Boyle has also claimed an interest that relates to the 531 Property but not to the property's ownership as between plaintiffs and defendants. Specifically, Boyle seeks reimbursement for improvements made to the property--including replacement of the pitched roof, installation of separate electric service, construction of a new, fire-rated demising wall, and exterior cleaning and painting--and for supplying water service to the property. Even under defendants' theory, this interest cannot be contingent, as it exists irrespective of who ultimately

will be adjudicated the owner of the property. *See* Opp. at 11 ("The validity of that claim will not be affected by the resolution of the ownership issues in the instant action.").

Thus, defendants are left to suggest that, although this interest satisfies Rule 24(a)(2), it "may be later asserted against the owner of the 531 Property once that owner is determined." Opp. at 10. *See also id.* at 11 ("The Applicant will be able to seek equitable reimbursement for any expenditure made for the benefit of the 531 Property from the Momenians if they prevail or from the Fikrus if they prevail."). Again, defendants' argument is meritless.

As the D.C. Circuit has noted, "[i]t is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation." *The Fund For Animals, Inc.*, 322 F.3d at 735 (*quoting Natural Res. Def. Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977)). Federal courts should allow intervention where no one would be hurt and greater justice could be attained. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation omitted). In rejecting plaintiffs' argument that intervention would "severely protract the litigation," the court in *Sierra Club* stated that "prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Id.* at 1206.

Here too, it is not enough to deny intervention merely because Boyle may vindicate its reimbursement claims in some later litigation against plaintiffs or defendants. Nor would allowing Boyle's intervention prejudice defendants. This case is in its infancy. Boyle filed its Motion To Intervene in October 2005, soon after defendants filed their responsive pleadings, and thereafter the case entered mediation, in which Boyle actively participated. Since that time, this matter has not been litigated further. And despite defendants' efforts to make it so, this matter is not complex and Boyle's intervention will not further complicate it. This action involves contract issues far simpler than the genuinely complex matters routinely addressed by this Court. Boyle has claimed the requisite interest in the subject of this lawsuit and is entitled as a right to intervene and vindicate that interest here.

7

## 2. Disposition of This Action May Impair Boyle's Ability To Protect Its Interest

Defendants assert that even if it satisfies the "interest" prong of Rule 24(a)(2), Boyle cannot show that disposition of this action may impair its ability to protect that interest because Boyle only has a "rooting interest in the core claim" of ownership of the 531 Property as between plaintiffs and defendants. Opp. at 10. Defendants' argument rests on the flawed premise that Boyle's interest is contingent, which we refuted above. Consequently, this argument too is without merit.

The "impairment" prong of Rule 24(a)(2) has been "liberally defined" to require the applicant to show only that disposition of the action may "as a practical matter" impair the applicant's ability to protect its interest. *Reed*, 1986 U.S. Dist. LEXIS 25538, * 5. This burden is "minimal." *Grutter*, 188 F.3d at 399. And again, the question of impairment is not separate from the question of existence of an interest. *E.g., Utahns For Better Transportation v. U.S. Dep't of Transportation*, 296 F.2d 1111, 1116 (10th Cir. 2002).

Obviously, Boyle's interest as vendee of the 531 Property may be impaired if defendants are adjudicated the owners, or plaintiffs and defendants settle the issue in defendants' favor. This is sufficient to satisfy the minimal burden of showing possible impairment under Rule 24(a)(2). *See generally, Utah Assoc of Counties*, 255 F.3d at 1254 (intervenors' interest in preserving monument would be impaired if monument lost its designation through litigation); *Turn Key Gaming, Inc.*, 164 F.3d at 1081 (intervenor's interest in property based in part on agreements between plaintiffs and defendants would be impaired if defendants could prove that agreements were void); *Michaels Stores, Inc. v. Castle Ridge Plaza Assocs.*, 6 F. Supp. 2d 360, 365 (D.N.J. 1998) (intervenor's interest in leasing property could be impaired if court concludes plaintiff can sublease defendant's space in same plaza).

### 3. Defendants Have Not Shown That Plaintiffs Will Adequately Represent Boyle's Interests

In light of the possibility that Boyle's interest in the 531 Property may be impaired if defendants are adjudicated the owners, Boyle is entitled to intervene as of right pursuant to Rule 24(a)(2) "unless [Boyle's] interest is adequately represented by existing parties." "In this Circuit . . . it is the party opposing intervention that must bear the burden of establishing that an existing party will adequately represent the applicant-intervenor's interest." *Reed*, 1986 U.S. Dist. LEXIS 25538, * 9. *Accord U.S. v. American Telephone and Telegraph Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980); *Smuck*, 408 F.2d at 181. Intervention will ordinarily be granted "unless it is clear that the party will provide adequate representation for the absentee" and intervention will be granted "if there is merely a serious possibility that the applicant's interests may not be adequately represented by any existing party.'" *Reed*, 1986 U.S. Dist. LEXIS 25538, * 6.

Here, defendants fall well short of shouldering their burden of proving that plantiffs will clearly provide adequate representation of Boyle's interests. Defendants merely state that "the Fikrus' legal counsel... is more than adequate representation" for Boyle's interests. Opp. at 11. The competency of Fikrus' counsel, however, is irrelevant to whether the Fikrus' interests are sufficiently aligned with Boyle's to cause the Fikrus to adequately represent Boyle's interests. "Rule 24(a)(2) requires a showing that the existing parties, nor their lawyers, will adequately represent the applicant." *The Fund for Animals, Inc.* 322 F.3d at 737. Indeed, even sharing the same counsel does not guarantee that the clients' interests are congruent, "and if there is a divergence, it is counsel and not the clients who must bend." Id.

The D.C. Circuit and other courts have recognized the possibility of inadequate representation where a party might settle litigation to the applicant's disadvantage. In *Nuesse*, 385 F.2d at 694, the D.C. Circuit found that there was a possibility that the applicant's interest might not be adequately represented by a party that "might conceivably be interested in a future settlement that would soften the impact on its private interests." *Id.* at 703. Similarly, in *Turn Key Gaming, Inc.*, 164 F.3d at 1080, the court found that the applicant's interests might not be

9

adequately represented by a plaintiff whose litigation strategy might "give it reasons to agree to a settlement that would be to [applicant's] disadvantage." *Id*. at 1082. And courts have recognized the possibility of inadequate representation by a party whose silence on any intent to represent the intervenor's interests is "deafening." *E.g., Utahns For Better Transportation*, 295 F.3d at 1116.

Here, there is the possibility that plaintiffs will not adequately represent the interests of Boyle by their entering into a settlement with defendants that confers ownership of the 531 Property on defendants, and plaintiffs have not stated otherwise. Indeed, this prospect explains why defendants strenuously object to Boyle's intervention. *See* Opp. at 12. (intervention "would serve to disrupt any potential settlement negotiations that remain ongoing. . . ."). Defendants' concern that intervention not be allowed to hamper a settlement that would gut most of Boyle's interest speaks loudly in favor of intervention.

### B. The Court Should Grant Boyle Permissive Intervention Because That Would Not Prejudice Any Party

Defendants assert that the Court should not even allow permissive intervention by Boyle under Rule 24(b) because that "would necessarily cause undue delay and prejudice to the adjudication of the main action," and "disrupt . . . any potential settlement negotiations that remain ongoing. . . ." Opp. at 12. Defendants' argument is frivolous.

Again, this matter is young, and Boyle's request to intervene followed closely behind the filing of defendants' responsive pleadings. Since then, and at the request of the Court-appointed mediator, Boyle has participated in several extended mediation sessions and in various oral and written communications related thereto, and stands ready to resume its participation in the mediation process as appropriate. At present, mediation has ground to a halt and there are no ongoing settlement negotiations that would be delayed or impacted by Boyle's intervention, and defendants mislead the Court by suggesting otherwise. In addition, there are no pending motions

or discovery requests, so Boyle's intervention at this early juncture will not extend or delay the case.

This case, therefore, stands in marked contrast to the one case relied upon by defendants. In *Sokaogon Chippewa Comm. v. Babbit*, 214 F.3d 941 (7th Cir. 2000), the applicant waited five years after suit was commenced to request intervention, and then did so only after the parties had been engaged in settlement discussions for nearly six months. *Id.* at 949-50. Predictably, the court denied the applicant's request for permissive intervention, reasoning that "[t]o allow a tardy intervenor to block the settlement agreement after all that effort would result in the parties' combined efforts being wasted completely." *Id.* at 950.

*Sakaogon Chippewa Comm.* has no application here. Boyle's request to intervene was timely made before the parties engaged in discovery, motions practice, mediation or settlement negotiations, and the parties are not presently engaged in settlement negotiations. In addition, as noted above, and contrary to defendants' suggestion, intervention by Boyle will not complicate a complex case. This is a simple case that requires resolution of competing contractual claims related to ownership of the 531 Property, as well as related claims for reimbursement of expenses incurred for the benefit of the property. All of the parties with an interest in these issues are before the Court and Boyle's intervention would "achieve judicial economies of scale by resolving related issues in a single lawsuit" without having the lawsuit "becom[e] fruitlessly complex or unending." *Smuck*, 408 F.2d at 179.

## CONCLUSION

For the foregoing reasons and the reasons set forth in its initial Motion and Memorandum of Points and Authorities, Intervenor John B. Boyle Trust respectfully requests that this Court enter an order granting Intervenor leave to intervene, either as of right or permissively, in this action with the right to fully participate as a party herein.

        Respectfully submitted,

        DUANE MORRIS LLP

        /s/
        John H. C. Barron, Jr. (D.C. Bar No. 42374)
        Christopher W. Mahoney (D. C. Bar No. 394416)
        1667 K Street, N.W., Suite 700
        Washington, D. C. 20006
        Telephone: (202) 776-7800
        Facsimile: (202) 776-7801

        Counsel for Intervenor John M. Boyle Trust

Dated this 22nd day of December, 2005.

**CERTIFICATE OF SERVICE**

I, Christopher W. Mahoney, hereby certify that a true copy of the foregoing John M. Boyle Trust's Reply To Defendants/Counter-Plaintiffs Houshang And Vida Momenian's Opposition To Motion To Intervene Of Applicant John Boyle Trust has been served electronically on this 22nd day of December, 2005, on the following counsel for all existing parties:

>Glenn M. Young, Esq.
>The Young Law Firm
>P. O. Box 6251
>Washington, D. C. 20015-6251
>
>Richard T. Rossier
>Marc E. Miller
>Alex Menendez
>McLeod, Watkinson & Miller
>One Massachusetts Avenue, N.W., Suite 800
>Washington, D. C. 20001
>
>Timothy J. Battle
>524 King Street
>P. O. Box 19631
>Alexandria, Virginia 22314
>
>Anthony P. Interdonato
>12604 Glen Road
>Potomac, Maryland 20854

/s/ _____
Christopher W. Mahoney

WSH\149872.2

13