IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMEBET FIKRU, et al. | )<br>)<br>) Case No. 1:05CV01162 |
| Plaintiffs/Counter-Defendants, | ) |
| v. | ) Judge: James Robertson<br>) |
| HOUSHANG H. MOMENIAN, et al. | ) Deck Type: General Civil<br>) |
| Defendants/Counter-Plaintiffs. | ) |

| | |
|---|---|
| HOUSHANG H. MOMENIAN, et al. | )<br>)<br>) Case No. 1:05CV01162 |
| Counter-Plaintiffs/Defendants, | ) |
| v. | ) Judge: James Robertson<br>) |
| EMEBET FIKRU, et al. | ) Deck Type: General Civil<br>) |
| Counter-Defendants/Plaintiffs. | ) |

## JOINT MOTION OF PLAINTIFFS/COUNTER-DEFENDENTS EMEBET FIKRU AND TESFAY GUEBRE AND DEFENDANTS/COUNTER-PLAINTIFFS MOUSHANG MOMENIAN AND VIDA MOMENIAN TO DISMISS ALL CLAIMS ASSERTED BY EITHER MOVING PARTY AGAINST THE OTHER WITH PREJUDICE AND ALL OTHER CLAIMS WITHOUT PREJUDICE

Plaintiffs/Counter-Defendants Emebet Fikru and Tesfay X. Guebre (the "Fikru Party"),

by counsel, Defendants/Counter-Plaintiffs Houshang H. Momenian and Vida Momenian (the

"Momenian Party"), by counsel, jointly move this Court, pursuant to Rule 41(a)(2) of the Federal

Rules of Civil Procedure, to dismiss the claims asserted against each other with prejudice and all

other claims asserted in this matter without prejudice, with the Court retaining jurisdiction solely

to enforce the terms of the settlement agreement described below. The grounds for this motion

are (1) the Fikru Party and the Momenian Party have settled all claims that they asserted against

each other in this action and to that end have finally executed on February 2, 2006, a Settlement

Agreement dated as January 20, 2006, thereby resolving the core of the of the disputed issues in

this action, and (2) it is in the interest of justice to dismiss the entire case at this time because all

parties with claims that have been asserted in this action are seeking such dismissal and the other

parties, including intervenor applicants will not be prejudiced by such dismissal.  These grounds

are set forth in great detail in the attached memorandum of points and authorities.

Respectfully submitted,

Richard T. Rossier,  DC Bar # 364649
Marc E. Miller, DC Bar # 948372
Alex Menendez, DC Bar # MD023814
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C.  20001
Telephone:  (202) 842-2345

COUNSEL FOR DEFENDANTS HOUSHANG H.
MOMENIAN AND VIDA MOMENIAN

Glenn M. Young, DC Bar # 355347
THE YOUNG LAW FIRM
P.O. Box 6251
Washington, DC  20015-6251
Telephone:  (202) 494-8082

COUNSEL FOR PLAINTIFFS EMEBET FIKRU
AND TESFAY X. GUEBRE

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF JOINT MOTION OF PLAINTIFFS/COUNTER-DEFENDENTS
EMEBET FIKRU AND TESFAY GUEBRE AND DEFENDANTS/COUNTER-
PLAINTIFFS MOUSHANG MOMENIAN AND VIDA MOMENIAN TO DISMISS ALL
CLAIMS ASSERTED BY EITHER MOVING PARTY AGAINST THE OTHER WITH
PREJUDICE AND ALL OTHER CLAIMS WITHOUT PREJUDICE**

Plaintiffs/Counter-Defendants Emebet Fikru and Tesfay X. Guebre (the "Fikru Party"),

by counsel, Defendants/Counter-Plaintiffs Houshang H. Momenian and Vida Momenian (the

"Momenian Party"), by counsel, hereby file this memorandum of points and authorities in

support of their joint motion, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure,

to dismiss the claims asserted against each other with prejudice and all other claims asserted in

this matter without prejudice, with the Court retaining jurisdiction solely to enforce the terms of

the settlement agreement described below. The points and authorities in support of this motion

are as follows:

1.  All parties that have asserted claims in this case have settled those claims contingent on the dismissal of this action that is requested in this motion.

2.  The claims of the parties that are filing this motion constitute the core of this case and thus, the resolution of those claims will significantly reduce the matters disputed in this matter.

3.  The dismissal being sought will not prejudice the rights of any party in that no claim that has been asserted in this case by a party is being dismissed without that party's consent.

4.  The non-settling defendant will not suffer prejudice because this case was promptly stayed for purposes of mediation shortly after it came to issue. No depositions have been held and this case has a fairly short docket with little

activity beyond the filing of pleadings, the mediation, and the briefing of a motion to intervene.

5.      Rule 41(a)(2) grants authority and discretion to the Court to dismiss actions such as these in the interest of justice where plaintiff so requests yet all parties have not stipulated to such a dismissal. *See generally San Marco v. City of Petersburg*, 185 F.R.D. 679 (M.D.Fla 1999)(district court has great discretion in granting plaintiff's motion and such a motion should typically be granted absent a showing of substantial prejudice to the defendant).

6.      The grant or denial of a Rule 41(a)(2) motion is within the sound discretion of the trial court, and its order is reviewable only for abuse of discretion.  C. Wright & A. Miller, *Federal Practice and Procedure*, § 2364 at 274-75 (1995).

7.      The Court should exercise its authority under Rule 41(a)(2) in this matter because to do so serves the ends of justice and of judicial economy.

8.      The parties respectfully request that the Court retain jurisdiction in this matter solely for the purpose of enforcing the settlement agreement that has been entered into by the moving parties.

9.      A proposed order is attached.

Respectfully submitted,

Richard T. Rossier, DC Bar # 364649
Marc E. Miller, DC Bar # 948372
Alex Menendez, DC Bar # MD023814
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C. 20001
Telephone: (202) 842-2345

COUNSEL FOR DEFENDANTS HOUSHANG H.
MOMENIAN AND VIDA MOMENIAN

Glenn M. Young, DC Bar # 355347
THE YOUNG LAW FIRM
P.O. Box 6251
Washington, DC 20015-6251
Telephone: (202) 494-8082

COUNSEL FOR PLAINTIFFS EMEBET FIKRU
AND TESFAY X. GUEBRE