UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMEBET FIKRU, *et al.*,        :
                               :
        Plaintiffs,            :
                               :
    v.                         :  Civil Action No. 05-1162 (JR)
                               :
HOUSHAND H. MOMENIAN, *et al.*, :
                               :
        Defendants.            :

### ORDER

This case involves a property dispute among four parties: the plaintiffs, Emebet Fikru and Tesfay Guebre; two sets of defendants, Houshang and Vida Mohemian ("Mohemians") and Paul and Amelia Interdonato ("Interdonatos"); and the John Boyle <u>inter</u> <u>vivos</u> Trust ("Trust"). Plaintiffs brought this action seeking, inter alia, clear title to a property located at 527-528 E Street, S.E., in the District of Columbia. The Trust, which has a contract to purchase the property from the plaintiffs, moved to intervene. At a status conference held on January 11, 2006, the plaintiffs and the Mohemians announced that they were settling. They noted that the Interdonatos had filed no counterclaim, suggested that I deny the Trust's motion to intervene, and said they would agree to dismiss the claims between themselves with prejudice pursuant to a settlement agreement and seek dismissal of their claims against the Interdonatos without prejudice under Fed. R. Civ. P. 41(a)(2). When the Trust entered an oral objection to such a disposition of

this case, I stayed the matter for fourteen days and invited written submissions. None has been filed. The fourteen days have expired. The settling parties have now filed their joint motion for Rule 41(a)(2) dismissal.

Rule 41(a)(2) provides for the voluntary dismissal of fewer than all claims in a case if no counterclaim unresolved by the settlement has been filed or if there is an independent jurisdictional basis for such a counterclaim. See 8 Moore's Federal Practice § 41.40[8][a] (3d ed. 1997). A Rule 41(a)(2) dismissal is ordinarily without prejudice and operates to leave matters where they would have been if the action had never been filed. Id. at § 41.40[9][b]. In this case, considerations of judicial economy and the efficient resolution of disputes strongly favor allowing the plaintiffs and the Mohemians to settle their dispute. The Interdonato defendants have not objected to the proposed settlement and will not be prejudiced by it.

The Trust is apparently concerned that the settlement will involve a conveyance of plaintiffs' interest in the subject property to the Momenians, but in such a transaction (if it is contemplated) the Momenians would surely take with notice of the Trust's equitable claim, and any unresolved claim the Trust may have for repairs done to the premises can yet be prosecuted -- more simply and less expensively -- against one or even two

defendants than against three.  Thus, although the Trust "claims an interest relating to the property or transaction which is the subject of [this] action," the disposition of the claims between plaintiffs and the Momenians by settlement will not "as a practical matter impair or impede the [Trust's] ability to protect that interest."  Fed. R. Civ. P. 24(a).  It is accordingly

**ORDERED** that the Trust's motion to intervene [9] is **denied**. It is

**FURTHER ORDERED** that the joint motion of plaintiffs and the Momenians to dismiss all of their claims [14] is **granted**.  It is

**FURTHER ORDERED** that Count 4 of the Complaint, stated against the Interdonatos, is **dismissed without prejudice**.  It is

**FURTHER ORDERED** pursuant to the settlement agreement executed between plaintiffs and the Momenians on February 2, 2006, that all of the plaintiffs' claims stated against the Mohemians and all of the Momenians claims stated against the plaintiffs are **dismissed with prejudice**.  And it is

**FURTHER ORDERED** that this case be marked "closed" upon the docket of this Court.

JAMES ROBERTSON
United States District Judge